*RECOMMENDED FOR PARTIAL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0334P (6th Cir.)
File Name: 00a0334p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MARLANDO HARDY
(98-4500), HENRY GREEN
(98-4523), ANTHONY ROUSE
(98-4524), and SHURON
MOORE (98-4529),
    *Defendants-Appellants.*

Nos. 98-4500/
4523/4524/4529

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 97-00099—James L. Graham, District Judge.

Argued and Submitted: August 1, 2000

Decided and Filed: September 22, 2000

Before: SUHRHEINRICH and DAUGHTREY, Circuit
Judges; COLLIER[*], District Judge.

———————————

[*] The Honorable Curtis L. Collier, United States District Judge for the
Eastern District of Tennessee, sitting by designation.

1

---

## COUNSEL

**ARGUED:** Dennis C. Belli, Columbus, Ohio, James E.L. Watson, Columbus, Ohio, for Appellants. Terry Lehmann, ASSISTANT UNITED STATES ATTORNEY, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Dennis C. Belli, Columbus, Ohio, James E.L. Watson, Columbus, Ohio, Kenneth R. Spiert, Columbus, Ohio, for Appellants. Gary L. Spartis, Kevin W. Kelley, ASSISTANT UNITED STATES ATTORNEYS, Columbus, Ohio, for Appellee.

---

## OPINION

---

CURTIS L. COLLIER, District Judge. In this consolidated appeal, Defendants Marlando Hardy, Henry Green, Anthony Rouse and Shuron Moore challenge their respective judgments of conviction and/or sentences in this drug conspiracy case. Because the only issue of precedential value is Defendant Rouse's argument concerning admission of other acts evidence pursuant to *Fed. R. Evid.* 404(b), we address it below. All facts not relevant to Defendant Rouse and all remaining issues with respect to each defendant are addressed in an unpublished appendix to this opinion.

### I. RELEVANT FACTS

On October 14, 1997, the Grand Jury for the Southern District of Ohio returned a 154 count superseding indictment against 21 individuals alleging various drug offenses. Defendant Anthony Rouse was charged in count one with conspiracy to possess with intent to distribute and conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846. The indictment charged the conspiracy took place "[f]rom on or about May 1, 1996, through and including the date of the Superseding Indictment [October 14,

evidence, the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of the rule states that it may not be used." *Id*. "Given the potential for confusion, misuse, and unfair prejudice from other act evidence, it is preferable that the district court make an *explicit* finding regarding the Rule 403 balancing." *United States v. Myers*, 123 F.3d 350, 363 (6th Cir.), *cert.denied* 522 U.S. 1020, 118 S. Ct. 611, 139 L. Ed. 2d 498 (1997) (emphasis added). We also note the district court failed to make an explicit finding in this regard, a failure which, in Defendant Rouse's view, requires reversal. However, since we have decided "background," other than as we have explained above, is not a proper basis for admission under Rule 404(b), we need not consider Rouse's argument.

While we do find the district court erred in admitting this evidence, in light of the overwhelming evidence against Rouse, we nevertheless find this error to be harmless. In determining whether an error is harmless, the reviewing court "must take account of what the error meant to [the jury], not singled out and standing alone, but in relation to all else that happened." *Kotteakos v. United States*, 328 U.S. 750, 764, 66 S. Ct. 1239, 90 L. Ed. 1557 (1946). The government presented more than sufficient other evidence to support Rouse's conviction, including testimony by witnesses other than Lee Gill of Rouse's cooking and selling of crack cocaine. In light of other compelling evidence against Rouse, we can say with "fair assurance" that the jury's verdict "was not substantially swayed" by any improperly received evidence of other crimes committed by the defendant.

### III. CONCLUSION

In sum, we conclude the evidence of Rouse's drug transactions in 1990 was improperly admitted. However, we ultimately find this error was harmless and therefore **AFFIRM** the district court.

[W]e first review for clear error the district court's factual determination that the "other ... acts" occurred. Second, we examine de novo the district court's legal determination that the evidence was admissible for a legitimate purpose. Finally, we review for abuse of discretion the district court's determination that the probative value of the other acts evidence is not substantially outweighed by its unfairly prejudicial effect.

*United States v. Merriweather*, 78 F.3d at 1074 (citations omitted).

In this case the record does not reflect the district court made the required factual finding the other bad acts occurred. However, since Rouse did not dispute this fact at trial, nor does he do so on appeal, we do not find the district court's failure requires reversal.

Instead of identifying one of the enumerated purposes under Rule 404(b), the government gave as its reason "background" and common plan or scheme. The district court gave background as its rationale for admitting the evidence. Although the list of permissible purposes enumerated under Rule 404(b) is not exhaustive, we cannot see how "background" as defined by the government would serve the ends of the rule. To allow a general exception for "background circumstances," an exception not as carefully circumscribed as the one explained above, would be to allow an exception that swallows the rule. Consequently, the trial court erred in concluding the evidence was offered for a proper purpose.

In addition to deciding whether other bad acts evidence is presented for a proper purpose, the district court must find whether the prejudicial effect of the evidence outweighed its probative value in accordance with *Fed. R. Evid.* 403. *Johnson*, 27 F.3d at 1193. "A legitimate component of that weighing process is the trial court's informed judgment whether, despite the 'technical' admissibility of the other acts

1997], the exact dates being unknown to the grand jury." Rouse went to trial along with codefendants Henry Green, Maurice Morris and Dennis Evans.

The government presented evidence at trial that a group of individuals from Gary, Indiana, and from Columbus, Ohio were all involved in a street gang known as the "GI Boys." The government contended this group distributed drugs from various locations in the near east side and west side of Columbus. Several cooperating witnesses testified at trial. The government's key witness was Lee Gill.

At trial Gill testified he went to prison in 1993. When he was released in 1996, he contacted Anthony Rouse who helped him get back into the drug business. Gill sold crack supplied by Rouse out of several locations in Columbus. In the spring of 1996 a confidential informant contacted a Bureau of Alcohol, Tobacco and Firearms ("ATF") agent about the GI Boys' crack operation. ATF and the Columbus Police Department conducted an investigation. Officers installed a video camera at the informant's residence since many of the GI Boys' allegedly frequented the place. When the informant moved, another video camera was installed at the new residence. These cameras captured and recorded various unlawful activities, including distribution and use of crack and powder cocaine by several of the GI Boys. Gill and other cooperating witnesses testified extensively as to Rouse's involvement in the conspiracy.

Before the trial, counsel for Rouse filed a Motion in Limine requesting the district court exclude testimony of other acts outside the time frame of the conspiracy alleged in the superseding indictment. At trial, the government attempted to question Lee Gill about alleged drug transactions involving Defendant Rouse which occurred in 1990, six years before the conspiracy alleged in the indictment even began Defense counsel objected, and the trial judge held a bench conference out of the jury's presence. The government explained it was attempting to show background, that is, how Lee Gill met

Anthony Rouse and the development of their relationship. The government also contended this information showed a common scheme or plan between Gill, Rouse, and others which continued in 1996, the alleged starting year of the conspiracy. Defense counsel argued this information was prejudicial and constituted improper character evidence, which should be excluded under *Fed. R. Evid.* 404.

After hearing arguments of counsel, the trial judge overruled Rouse's objection and allowed the government to develop the evidence. The judge gave the jury a limiting instruction, however, explaining to the jury they could only consider the testimony regarding acts prior to May 1996 as evidence of background information and as an explanation of how certain individuals became acquainted with each other.

The jury found Rouse guilty of the conspiracy charge. The district court sentenced Rouse to 360 months imprisonment and five years supervised release. Rouse appeals, *inter alia*, the district court's decision to allow testimony regarding alleged drug activity by Rouse prior to the date of the conspiracy alleged in the superseding indictment. Specifically Rouse claims the district court failed to conduct an on the record balancing of the probative value versus the prejudicial impact of such testimony as directed by our holding in *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996).

## II. DISCUSSION

This case highlights the importance of district courts adhering to the procedural analysis set out in *Merriweather* regarding admission of Rule 404(b) evidence, or, where Rule 404(b) is not implicated, clearly identifying the evidentiary basis for admission of the evidence and properly analyzing that basis.

In responding to Rouse's objection, the government indicated it wished to introduce the evidence to show essential background circumstances, i.e., how Gill met Rouse,

Lowe were not named in the charged conspiracy. This testimony was not necessary to explain the charged offense, complete the story of Gill's testimony, nor did it tend to establish the charged conspiracy itself. Thus, the trial court erred in admitting Gill's testimony as background evidence.

### B.    Rule 404(b)

Having determined the evidence could not have been properly admitted as background evidence, we will now examine whether is was properly admitted under Rule 404(b). Rule 404(b) of the FEDERAL RULES OF EVIDENCE generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on one's character. *See Fed. R. Evid.* 404(b). "Similar act" or "other bad act" evidence, however, may be admissible if such evidence bears upon a relevant issue in the case. The rule enumerates a non-exhaustive number of proper purposes for such evidence. *See Fed. R. Evid.* 404(b).

We have consistently held the district court must apply a three-step analysis to evaluate the admissibility of evidence under Rule 404(b). *See United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994), *cert. denied*, 513 U.S. 1115, 115 S. Ct. 910, 130 L. Ed. 2d 792 (1995). A party seeking to admit 404(b) evidence must first demonstrate that the other bad acts occurred. *See id.* The party must then cite a specific purpose for which the evidence is offered, after which the trial court must determine whether the probative value of the identified purpose outweighs the risk of unfair prejudice. *See id.* Thus, a party seeking admission of "other acts" evidence must show the evidence is probative of a material issue other than character. *See Huddleston v. United States*, 485 U.S. 681, 686, 108 S. Ct. 1496, 1499, 99 L. Ed. 2d 771 (1988).

We review a district court's decision to admit evidence of "other crimes, wrongs, or acts" under Rule 404(b) using a three-part test:

1576.  Since the government had to establish the defendant knew the conspiracy involved more than 1,000 pounds of marijuana, the district court allowed testimony of the February transaction but disallowed proof of the quantity of drugs involved there.  On review, we stated, "In view of its evident probative value in explaining the 'all he could do' statement, the district court does not appear to have abused its discretion in admitting this evidence to show the background and development of the conspiracy and [defendant's] knowledgeable participation in the conspiracy."  *Id.* at 1579.  Here again the evidence was proximate to the date of the charged offense; the evidence was necessary to explain the witness's testimony; and it related to the inception of the charged conspiracy.

The above analysis of our prior cases on this subject reveals that, rather than providing unfettered rein, the definition of background or *res gestae* evidence evolved by those cases imposes severe limitations in terms of the temporal proximity, causal relationship, or spatial connections that must exist between the other acts and the charged offense.  Before a court decides whether other acts fall into the "background circumstances" exception to the general proscription against such evidence, it must first analyze the proffered evidence in light of these constraints.

In this case, the court below did not analyze the disputed testimony in this fashion.  Had the court done so, it would have excluded the evidence.  The evidence involved alleged drug transactions occurring six years before the date the conspiracy alleged in the indictment began.  Gill's testimony as to these acts did not establish the inception of the conspiracy charged in the indictment.  Rather his testimony only established the following: 1) Rouse had distributed drugs to him, Norman Malone and Lewis Lowe in 1990, and 2) Malone had distributed drugs to him, Stephen Washington, Odell Arnold and unnamed others.  As defense counsel pointed out during the bench conference, there was not an identity of parties involved in both transactions.  Malone and

and because it showed a common plan or scheme.  On the basis of that representation, the district court allowed the testimony.  However, a close review of the evidence reveals it was not proper background evidence, nor was it evidence admissible under Rule 404(b).

## A.   Background Evidence

This court has previously recognized the propriety of introducing "background" evidence.  *See United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 1999); *United States v. Paulino*, 935 F.2d 739, 755 (6th Cir.), *cert. denied*, 502 U.S. 914, 112 S. Ct. 315, 116 L. Ed. 2d 257 (1991).  Such evidence, often referred to as "*res gestae*," does not implicate Rule 404(b).  2 JACK B. WEINSTEIN, MARGARET A. BERGER & JOSEPH M. MCLAUGHLIN, WEINSTEIN'S FEDERAL EVIDENCE, § 404.20[2][c].  However, a review of *Buchanan* and *Paulino*, and similar cases demonstrates the "background circumstances exception" to the general exclusion of other act evidence is not an open ended basis to admit any and all other act evidence the proponent wishes to introduce.  Rather the very definition of what constitutes background evidence contains inherent limitations.  *Buchanan*, *Paulino* and other cases dealing with this issue teach that background or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.  WEINSTEIN, *supra* at § 404.20[2][c] and [d]; *United States v. Weinstock*, 153 F.3d 272, 277 (6th Cir. 1998); *United States v. Barnes*, 49 F.3d 1144. 1149 (6th Cir. 1995); *United States v. Townsend*, 796 F.2d 158, 162 (6th Cir. 1986); *United States v. Cunningham*, 103 F.3d 553, 557 (7th Cir. 1996).

Proper background evidence has a causal, temporal or spatial connection with the charged offense.  Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's

testimony, or completes the story of the charged offense. Jennifer Y. Schuster, *Uncharged Misconduct Under Rule 404(b): The Admissibility of Inextricably Intertwined Evidence*, 42 U. MIAMI LAW REVIEW 947 (March/May 1998).

The government relies upon *United States v. Passarella*, 788 F. 2d 377 (6th Cir. 1986), arguing "[e]stablishing the development and background of a drug conspiracy meets the first requirement of admissibility under [Rule] 404(b) as it is a legitimate purpose for admission of evidence of drug dealing between co-conspirators prior to that charged in the indictment." The government overstates the holding in *Passarella*. In *Passarella*, the testimony under scrutiny concerned drug deals that took place sometime in 1979. The counterfeiting offenses charged in the indictment in that case were alleged to have begun on or before February 1980. *Id.* at 383, n.6. In holding admission of this testimony was proper, we said:

> In our view, testimony concerning prior drug transactions between Passarella and Parsons, and Passarella and Hudson, was admissible under Rule 404(b) for the legitimate purpose of proving the "existence of a larger continuing plan, scheme or conspiracy, of which the present crime on trial is a part." [citations omitted] This evidence showed that there was an ongoing plan or scheme involving Passarella and others to engage in crimes which were the subject of the indictment. This evidence was therefore relevant to both the existence and the continuing nature of the conspiracy.

*Id.* at 383. Thus, in *Passarella*, the evidence was necessary to establish the existence of the charged conspiracy. Moreover, unlike in this case, the disputed evidence in *Passarella* concerned events closely connected in time to the charged offense.

A review of other cases reveals a similarly close connection between the charged offense and the proffered background evidence. For example, in *United States v. Buchanan*, 213 F.3d 302 (6th Cir. 2000), the drug organization involved in that case allegedly began operating in and around Kalamazoo, Michigan in 1990. The indictment alleged the conspiracy terminated in June 1997. The *Buchanan* trial court admitted evidence concerning a seizure of drugs in 1990 and a purchase of drugs in 1994. In affirming the court below, we said:

> Here, however, Rule 404(b) is not applicable because the evidence constitutes "a continuing pattern of illegal activity." [citation omitted] Even if Rule 404(b) applied in this situation, the district court did not abuse its discretion in admitting the testimony because the evidence served the "legitimate purpose of showing the background and development of a conspiracy." {citation omitted}

*Id.* at 311. This evidence concerned events that took place within the alleged time frame of the conspiracy, and is typical of the evidence needed to prove the very existence of the charged conspiracy.

In *United States v. Paulino*, 935 F.2d 739 (6th Cir. 1991), the evidence was not extrinsic but rather established the existence of a single, ongoing conspiracy that simply moved from Florida to Kentucky. There we said the evidence was properly admitted "since it was clearly admissible for the 'legitimate purpose of showing the background and development of a conspiracy.'"*Id.* at 755 (citations omitted)

Finally, in *United States v. Hitow*, 889 F. 2d 1573 (6th Cir. 1989), the other act evidence concerned testimony by a coconspirator concerning a February 1983 drug transaction at the defendant's trial for a drug conspiracy allegedly involving more than 1,000 pounds of marijuana consummated in August 1983. During the February 1983 transaction, the coconspirator had told the defendant he (the defendant) could have "as much [of the marijuana] as he could do." *Id.* at