**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dominic NWAGBO, Defendant–**
**Appellant.**

**No. 00–3761.**

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2001.

*ORDER*

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

Dominic Nwagbo appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 2000, a jury found Nwagbo guilty of conspiracy to possess falsely made, forged and counterfeited obligations of the United States with intent to defraud in violation of 18 U.S.C. § 371 and aiding and abetting the possession of falsely made, forged and counterfeited obligations with intent to defraud in violation of 18 U.S.C. §§ 472 and 2. The court sentenced him to thirty-three months of imprisonment.

Nwagbo has filed a timely appeal, asserting the following issues: 1) whether the court improperly admitted evidence of "other bad acts" under Fed.R.Evid. 404(b), when the court permitted the government to introduce evidence of an uncharged stolen check scheme; and 2) whether the court erred when it admitted co-conspirator statements under Fed.R.Evid. 801(d)(2)(E).

Upon review, we conclude that the district court did not commit plain error when it admitted evidence of the stolen check scheme. *United States v. Williams,* 176 F.3d 301, 308–09 (6th Cir.1999).

The district court properly concluded that Fed.R.Evid. 404(b) did not govern the issue of whether it properly admitted evidence of "other bad acts" when it permitted the government to present evidence of the stolen check scheme, because the evidence is "inextricably intertwined" with evidence of the conspiracy to sell counterfeit. *United States v. Barnes,* 49 F.3d 1144, 1149 (6th Cir.1995). The stolen check scheme was admissible because it took place contemporaneously with the charged counterfeit sale conspiracy, it was closely connected to the counterfeit sale conspiracy because Irorere played an integral part in both schemes and because he discussed both schemes in his contacts with the confidential informant and the undercover officer, and it was necessary to explain the testimony of both the confidential informant and the undercover officer. *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir.2000). Even if the district court erred when it admitted this evidence, the error was harmless because there was ample evidence to support Nwagbo's conviction. *United States v. Daniel,* 134 F.3d 1259, 1262 (6th Cir.1998).

In addition, the district court also properly admitted statements made by Nwagbo's co-conspirator. *United States v. Logan,* 250 F.3d 350, 366 (6th Cir.2001). The court properly concluded that a conspiracy involving counterfeit money existed, that Nwagbo and Irorere were members of the conspiracy, and that Irorere's statements were made during the course of and in furtherance of the conspiracy. Hence, the statements were admissible. *United States v. Wilson,* 168 F.3d 916, 920 (6th Cir.1999).

Accordingly, we affirm the judgment of conviction and sentence.