**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James R. HOLLEY, Defendant–
Appellant.**

No. 01–4256.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2003.

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

## ORDER

James R. Holley appeals his judgment of conviction and sentence. Although the government has requested oral argument, counsel for the appellant has expressly waived oral argument. For the reasons expressed below, we conclude that Holley's appellate argument lacks merit, and that this appeal may be disposed of without oral argument. Fed. R.App. P. 34(a).

By way of background, Holley was tried by a jury for an arson committed at a commercial fireworks company. During the trial, the government presented various witnesses who testified as to other bad acts allegedly committed by Holley, including the following: 1) two witnesses, a special agent (Guerra) of the Department of Alcohol, Tobacco and Firearms and Holley's co-conspirator (Kuhn), were permitted to testify about a prior arson that Holley claimed to have committed, and some injuries that Holley allegedly received during that arson; 2) Kuhn was permitted to testify that he had helped Holley make false identifications and birth certificates for Holley's boxing enterprise; 3) another recruit to the conspiracy (Cheney) was permitted to testify that he had begun to box for Holley when he was underage, and that he had participated in "staged" boxing matches, in which Holley's fighters were expected to lose; and 4) Cheney was also permitted to testify that he had once accompanied Holley to a bar, where "some guy was going to pay him to catch some car on fire."

In August 2001, a jury convicted Holley of conspiring to maliciously destroy an interstate business in violation of 18 U.S.C. §§ 371 and 844(i), and maliciously destroying an interstate business in violation of 18 U.S.C. §§ 844(i) and 2. The court sentenced him to a total of sixty months of imprisonment and three years of supervised release, and it ordered Holley to pay $488,887 in restitution. Holley has filed a timely appeal, arguing that the district court improperly permitted the government to introduce evidence of alleged prior bad acts.

Upon review, we conclude that the district court properly permitted the government to introduce evidence of Holley's other acts. Holley's argument lacks merit because the district court properly admitted this testimony as background evidence which is not governed by Fed.R.Evid. 404(b). This court has recognized the propriety of introducing "background" evidence. *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir.2000). Where evidence of certain acts is introduced to demonstrate the relationship or connection between co-conspirators and their overall plan, the evidence is part of the *res gestae* of the offense and is not governed by Rule 404(b). *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir.2000); *United States v. Weinstock*, 153 F.3d 272, 277 (6th Cir. 1998). Rule 404(b) does not prevent the government from establishing how members of a conspiracy are related, solely because doing so would include evidence of prior criminal activities. *United States v. Pierce*, 62 F.3d 818, 829 (6th Cir.1995). Generally, proper background evidence has a causal, temporal or spatial connection with the charged offense. *Hardy*, 228 F.3d at 748. "Typically, such evidence is a

prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

■ A review of the record reflects that the district court properly admitted the challenged testimony as background evidence that explained the circumstances from which the conspiracy arose. Kuhn's and Agent Guerra's testimony concerning the prior arson and Holley's injuries was presented to describe the relationship between Holley and Kuhn. Holley's statement to Kuhn that he had been injured during a prior arson was presented to the court as evidence that Holley was trying to impress Kuhn and to convince Kuhn to commit the current arson. The statements concerning Holley's injuries also helped to establish why Holley needed someone else to actually commit the current arson. Likewise, Cheney's testimony concerning his prior activities with Holley helped to explain why Holley would attempt to recruit Cheney into a conspiracy to commit the current arson. Thus, contrary to Holley's arguments on appeal, the witnesses' testimony was not offered for an improper purpose, such as to show Holley's criminal propensity. The government offered this evidence for the "legitimate purpose of showing the background and development of the conspiracy." Hence, the district court properly permitted the government to present the challenged testimony.

Moreover, the district court properly permitted the introduction of the challenged testimony, even if the testimony is governed by Rule 404(b). In reviewing the other acts evidence, this court considers: 1) whether the other acts evidence was unduly prejudicial; 2) the availability of other means of proof; 3) when the other

acts occurred; and 4) whether the district court gave a limiting instruction. *See United States v. Brown,* 147 F.3d 477, 483 (6th Cir.1998). While evidence of other crimes is not admissible to prove the character of the defendant, the evidence may be admissible to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Fed.R.Evid. 404(b).

■ The district court properly admitted the government's "other acts" evidence. Any unfair prejudicial effect of the witnesses' testimony did not outweigh its probative value. While the evidence was undoubtedly prejudicial to Holley, it was highly relevant to establishing his preparation and planning for the current arson and to demonstrating his relationship and influence over Kuhn and Cheney. The record does not reflect that Holley's prior acts or his prior dealings with Kuhn and Cheney were so old that they lacked any relevance to his planning for the current arson. In addition, the government's other acts evidence was not overwhelming. As Holley correctly notes, both Kuhn and Cheney received favorable sentencing recommendations in exchange for their testimony. Furthermore, the record does not reflect that there was any less "prejudicial" evidence that the government could have used to establish Holley's planning for the current arson or to establish his relationship with Kuhn and Cheney. Lastly, the record indicates that the court gave a limiting instruction concerning the use of the challenged testimony.

Accordingly, we affirm the district court's judgment.