NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0769n.06
Filed: September 1, 2005

No. 03-4222

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELIJAH DEXTER DUKES,

    Defendant-Appellant.

_____/

On Appeal from the United States District Court for the Southern District of Ohio.

BEFORE:    RYAN, MOORE, and COOK, Circuit Judges.

    RYAN, Circuit Judge.    Elijah Dexter Dukes was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to a term of 37 months' imprisonment. In this direct appeal, Dukes alleges prosecutorial misconduct and argues that the government presented evidence and argument to the jury to suggest that Dukes should be found "guilty by association" because he was arrested in a neighborhood well known to the jurors to be a local high crime area. We find no error and we will affirm Dukes's conviction. However, in light of United States v. Booker, 125 S. Ct. 738 (2005), we must vacate Dukes's sentence and remand for resentencing. The government concedes that resentencing is necessary because Dukes was sentenced at the bottom of his Guideline range and nothing in the record rebuts the presumption that he was prejudiced by the court's belief that the Guidelines were mandatory. United States v. Barnett, 398 F.3d 516, 526-29 (6th Cir. 2005), petition for cert. filed, No. 04-1690, 73 USLW

3735 (U.S. June 16, 2005). Because Dukes will be resentenced, we need not address the other alleged sentencing errors he raises.

Undercover Cincinnati police officer Howard Fox testified that on September 11, 2002, he saw Dukes placing a gun in his waistband while crossing the street in the neighborhood north of downtown Cincinnati, Ohio, known to locals as Over the Rhine. Officer Fox called for uniformed backup to help him investigate. Shortly thereafter, at least one uniformed officer approached Dukes, identified himself, and told Dukes to drop to the ground. Dukes fled, and was seen throwing the gun near some trash cans. He was eventually arrested and the pistol was retrieved from the area where it had been thrown.

After being advised of his rights, Dukes, on two separate occasions, admitted to possession of the pistol, and his admissions were later received into evidence. At trial, the only issue submitted to the jury was whether Dukes possessed the weapon. There was extensive reference during the trial, by the prosecutor, the prosecution witnesses, and the defense counsel, to the relevant events having occurred in the area known as Over the Rhine, and to the character of the neighborhood as a violent, high crime area. The defendant did not object to these references, perhaps because the area's reputation would have been well known to Cincinnati area jurors, and because the violent/high crime/drug trafficking character of the area could lend some credibility to the defense counsel's argument that it would not be unusual for a discarded handgun to be found among trash cans.

But now, on appeal, and for the first time, Dukes argues that the prosecutor's repeated references to Over the Rhine as a violent, high crime, high vice area had the

intended effect of suggesting Dukes was "guilty by association" and thus denied him a fair trial.

There having been no objection at trial, we review the trial court's receiving the testimony and allowing the non-testimony references to which Dukes now objects, for plain error. To establish plain error, Dukes must show: (1) an error occurred at trial, (2) the error was plain, i.e., obvious or clear, (3) the error affected his substantial rights, and (4) the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997). "'Plain error is defined as an egregious error, one that directly leads to a miscarriage of justice.'" United States v. Camejo, 333 F.3d 669, 672 (6th Cir. 2003) (citation omitted).

The district court did not err, plainly or otherwise, in permitting the witnesses to refer to the neighborhood in which Dukes was arrested in Cincinnati, widely known as Over the Rhine, and its character as a high crime area. This testimony served primarily as permissible background evidence, necessary to tell the story of Dukes's offense, see United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000), including the reason plainclothes vice squad officers were working the area midday, alert to potential criminal activity. Indeed it was Dukes's counsel who first broached the subject of crime in the area when he inquired of Officer Fox, on cross-examination concerning police response to complaints of prostitution. It is obvious, on reading the transcript, that Dukes hoped to benefit by introducing evidence that Over the Rhine was a high crime neighborhood. This is borne out in Dukes's counsel's closing remarks to the jury, in which he argued the officers' testimony that Dukes discarded the gun should not be believed (presumably neither should

his two confessions), because it would not be uncommon to find a discarded gun lying amidst trash cans in the Over the Rhine area.

It was not error, plain or otherwise, for the district court to permit the testimony and argument Dukes now challenges on appeal. And, perforce, the Assistant U.S. Attorney was not guilty of prosecutorial misconduct in referring to the area and its high crime character during closing argument.

For the foregoing reasons, we **AFFIRM** Dukes's conviction, but **VACATE** his sentence and **REMAND** for resentencing, because, as the government concedes, the sentence offends United States v. Barnett, 398 F.3d at 526-29.