File Name: 06a0454n.06

Filed: June 29, 2006

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Nos. 05-5404, 05-5406**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY WOODS | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| and | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| MARSHANE WOODS | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. After a jury trial, Marshane and Terry Woods were convicted of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of powder cocaine and 50 grams or more of crack cocaine from February 2001 to September 2003, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and were sentenced to life imprisonment. We affirm.

Issues and Discussion

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

North Carolina authorities, investigating drug-trafficking allegations, searched Defendants' joint residence in July 2002 and seized firearms, ammunition, powder and crack cocaine, and $20,000. Terry pleaded guilty in state court to possession with intent to sell or deliver marijuana. Marshane pleaded guilty to trafficking in cocaine and marijuana and possession with intent to sell or deliver marijuana. The government sought to introduce, and Defendants moved to exclude, evidence of these prior seizures at their federal trial. The district court initially declined to admit evidence of the seizures from the state court convictions, expressing doubt about the "spatial" connection between the North Carolina evidence and the federal charge. Upon the government's request, the court reserved its final decision until the government laid a proper foundation in compliance with *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). After government witnesses Norton and Johnson testified, the district court admitted the evidence.

*Evidentiary arguments*

Defendants urge us to decide that the district court abused its discretion because: (1) the evidence was not admissible "background" evidence; and (2) the district court did not explicitly assess whether the probative value of the evidence outweighed its prejudicial effect.

In *Hardy*, another drug conspiracy case, this court considered the parameters for admitting "background" evidence. Background evidence consists

> of those other acts that are inextricably intertwined with the charged offense or those
> acts, the telling of which is necessary to complete the story of the charged offense.

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

*Id.* at 748.

The North Carolina-seized evidence satisfies the *Hardy* test in that witnesses Norton and Johnson provided the link to the charged offense—they testified to buying crack from Defendants in North Carolina for resale in Tennessee during the time period covered by this federal indictment. Consistent with *Hardy*, properly admitted background evidence sharing a "causal, temporal and spatial connection with the charged offense" essentially eliminates Fed. R. Evid. 404(b) concerns because such evidence consists of *other acts that are inextricably intertwined* with the charged offense. *See id.* Courts require a close connection between the charged offense and the proffered background proof. A close time frame, plus a continuing pattern of criminal activity, supports labeling the evidence here as background. We note also the curative, limiting instruction read to the jury concerning this evidence: "Evidence from the July 16, 2002 seizure is not to be considered for any purpose at all unless you first find beyond a reasonable doubt that the drugs seized on that date were connected to the conspiracy charged in the indictment." Thus we discern no abuse of discretion.

Similarly, we find no abuse of discretion in the admission of this evidence under Fed. R. Evid. 403. As Defendants correctly argue, even for background evidence, the court must measure whether the probative value of the specific purpose for which the evidence is offered outweighs the

risk of unfair prejudice. *United States v. Till*, 434 F.3d 880, 884 (6th Cir. 2006). This case squarely passes that test, given the highly probative nature of the evidence when viewed as part of a continuing criminal enterprise.

*Rule 29 Motion*

Defendants failed to renew their Fed. R. Crim. P. 29 motions for judgment of acquittal at the close of the government's case thereby confining the panel to reviewing for manifest injustice, which exists "only if the record is devoid of evidence pointing to guilt," *United States v. Wagner*, 382 F.3d 598, 611 n.2 (6th Cir. 2004).

First, Defendants assert that the evidence was insufficient to demonstrate that they willfully participated in an agreement to distribute cocaine in Tennessee and that the district court thus erred in denying their motions for judgment of acquittal. Defendants claim they had a buyer-seller, not co-conspirator, relationship with the government's witnesses. Defendants also assert that the district court erroneously presumed the existence of a common goal from the fact that they were brothers and often in close proximity to each other.

To establish a drug conspiracy, the government must prove "(1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." *United States v. Welch*, 97 F.3d 142, 148-49 (6th Cir. 1996). It must show that Defendants "agreed to participate in what [they] knew to be a joint venture to achieve a common goal." *United States*

*v. Spearman*, 186 F.3d 743, 746 (6th Cir.1999) (quotation omitted). The government, however, is not required to prove an actual agreement among the various conspirators in order to establish a single conspiracy. *Id.*

The record evidences that Defendants conspired with others to distribute and possess with intent to distribute powder cocaine through the testimony of several witnesses:

- Tedrick Tyner testified that he bought 25 to 30 ounces of crack from Terry on ten occasions in 2001 and bought 15 ounces of crack from him on six or seven occasions in 2002.

- Rick Hunt testified that he bought over a kilogram of crack from Terry, which he then distributed in Tennessee between March 2000 and April 2002.

- William Lumpkin purchased crack cocaine from Marshane on two occasions in early 2001 and purchased nine ounces between January and September 2001.

- In 2002, Norton bought a half kilogram of cocaine from Marshane and Terry that he cooked into crack for sale in Tennessee, and dealt drugs with Marshane on five occasions and with Terry on fifteen occasions.

- From September 2002 to July 2003, Norton bought between one-half and one kilogram every month, purchasing twice a month from Marshane and twice a month from Terry.

- Johnson regularly purchased nine ounces of powder cocaine a week from Marshane in early 2001 and cooked it into crack for resale in Tennessee. In late 2001, Johnson bought kilogram quantities from the Woods each month, purchasing a total of at least 15 kilograms.

This evidence fails to manifest an injustice.

*Pro se arguments*

Defendants argue that the district court violated their Fifth Amendment due-process rights by granting co-Defendant Carlos Perez's motion for judgment of acquittal but denying theirs.

"Although it contains no Equal Protection Clause as does the Fourteenth Amendment, the Fifth Amendment's Due Process Clause prohibits the Federal Government from engaging in discrimination that is so unjustifiable as to be violative of due process." *Schlesinger v. Ballard*, 419 U.S. 498, 500 n.3 (1975) (internal quotations omitted). The denial of Defendants' motions for judgment of acquittal is not so unjustifiable that it violates due process because, as discussed, the evidence was sufficient to establish a conspiracy involving Defendants, even if it was insufficient to establish a conspiracy involving Perez.

Defendants also assert a variance existed between the single-count indictment and the evidence. According to Defendants, the evidence—Lumpkin's testimony that Marshane once sold him marijuana and Norton's testimony that Perez twice sold him marijuana—can reasonably be construed as supporting a finding of a conspiracy to distribute cocaine *and a conspiracy to distribute marijuana*.

"If an indictment alleges one conspiracy, but the evidence can reasonably be construed only as supporting a finding of multiple conspiracies, the resulting variance between the indictment and the proof is reversible error if the appellant can show that he was prejudiced thereby." *United States v. Warner,* 690 F.2d 545, 548 (6th Cir. 1982) (citation omitted). In light of the overwhelming evidence that Defendants conspired to distribute cocaine and crack cocaine as alleged in the indictment, Defendants cannot show they were prejudiced by a resulting variance, if any, between the indictment and the proof offered at trial, which included additional evidence that Defendants

engaged in marijuana distribution.

Defendants contend that the single-count indictment is fatally defective in charging separate offenses and therefore is duplicitous. Defendants' indictment is not duplicitous because it charges them with a single conspiracy to violate 21 U.S.C. § 841(a)(1). The conspiracy is the only crime charged. And to the extent that Defendants argue that the overt acts listed in the single count of the indictment actually represent several conspiracies, this argument lacks merit. The overt acts are not separate and distinct conspiracies, but steps allegedly taken by Defendants to effectuate the single conspiracy.

Defendants complain of a violation of their constitutional right to "notice" indicating who the co-conspirators were. But "as long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Rather, "[i]t is the grand jury's statement of the existence of the conspiracy agreement [not] the identity of those who agree which places the defendant on notice of the charge he must be prepared to meet." *Id.* (quotation omitted).

Last, Defendants ask us to find that the district court violated the Sixth Amendment by enhancing their sentences based on the judge-found fact that their prior convictions constitute felony drug convictions, citing *United States v. Shepard*, 544 U.S. 13 (2005). Marshane and Terry each have two state felony convictions for controlled substance offenses. Because these prior convictions

are felonies under North Carolina law, they are felonies for federal sentencing purposes, permitting

the sentencing judge to account for those conviction in the sentence without violating Defendants'

Sixth Amendment rights. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) ("This Court,

among others, has rejected the argument that [the Sixth Amendment] requires the nature of prior

convictions to be determined by a jury.")

Finding no abuse of discretion or error in either the propositions Defendants advanced in

briefing or in additional panel argument, or in the propositions presented by Defendants *pro se*, we

affirm.