**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0143n.06

No.  09-6186

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 10, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| MAURICE FRAZIER, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant. | ) | |

Before:      BOGGS, GRIFFIN, and KETHLEDGE, Circuit Judges.

BOGGS, Circuit Judge.  Defendant Maurice Frazier was convicted on five counts of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), and five counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). He appeals the convictions on the ground that the offenses must have had a substantial effect on interstate commerce to satisfy the commerce element of the Hobbs Act, required for federal jurisdiction.  Because only proof of a *de minimis* effect on commerce is required, however, we affirm the convictions.

I

Frazier robbed five Memphis, Tennessee businesses in February and March 2006.  He does not dispute that he committed the robberies, challenging only the interstate commerce element of the convictions.  During Frazier's jury trial, the government presented evidence of the interstate nexus

of each offense. First, Frazier took between $2,400 and $2,700 from the A&R Bar-B-Que, which sold pork originating in Mississippi, for which the restaurant sent payment to an address in Georgia. Second, Frazier robbed the cash register of a Family Dollar Store, which sold goods originating from out of state. Third, Frazier robbed a McDonald's restaurant, which ordered supplies from a national purchasing company. Fourth, Frazier robbed a Sonic restaurant, which sold products ordered from out-of-state vendors and delivered from a Mississippi distribution center. And fifth, Frazier took $300 from the Memphis Plaza Hotel, which catered to out-of-state guests and used a credit card machine. Frazier was apprehended during a sixth robbery, during which his gun, manufactured in California, was recovered.

Frazier was charged on December 18, 2008, with five counts of robbery affecting commerce, in violation of the Hobbs Act; five counts of use and carriage of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of felony possession of a firearm, in violation of 18 U.S.C. § 922(g). A jury convicted him of all counts on May 27, 2009. On September 16, 2009, he was sentenced to a term of 1,524 months (127 years), to be followed by three years of supervised release. Frazier timely filed a notice of appeal on September 29, 2009.

II

We review de novo Frazier's claim that the Hobbs Act and 18 U.S.C. § 924(c) convictions require proof that the offenses had a substantial effect on interstate commerce. *See United States v. Davis*, 473 F.3d 680, 681 (6th Cir. 2007). The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined under this title or imprisoned . . . ." 18 U.S.C. § 1951(a).

In order to prevail under the Hobbs Act, "the Government must prove two elements: (1) interference with interstate commerce (2) in the course of a substantive criminal act." *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005). Title 18 U.S.C. § 924(c)(1)(A) provides for additional punishment for "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."

This court has repeatedly held that the Hobbs Act requires the government to prove only that the offense had a *de minimis* effect on interstate commerce to satisfy the jurisdictional requirement. *United States v. Baylor*, 517 F.3d 899, 901-02 (6th Cir. 2008); *Davis*, 473 F.3d at 681-83. Our previous published opinions require us to reject Frazier's challenge to the *de minimis* standard. Because Frazier's challenge to his convictions for use of a firearm during a crime of violence under 18 U.S.C. § 924(c) is predicated on the invalidity of his Hobbs Act convictions, it also fails.

Frazier did not raise in his brief the issue of whether the government offered sufficient evidence at trial to satisfy the *de minimis* standard. Had he done so, we would find that there was sufficient evidence to establish the interstate nexus required for each of the charges in this case. Each victim purchased supplies from out of state or provided accommodations to out-of-state guests. Thus, a rational juror could have found that Frazier's actions had a *de minimis* effect on interstate commerce, and that is all that is required. *See, e.g.*, *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999) (government met burden where stores robbed did substantial business in products originating from out of state).

III

For the reasons stated, we affirm Frazier's convictions.