**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.

JOEL BOYD,
              *Defendant-Appellant.*

No. 06-50051

D.C. No.
CR-05-00072-DOC-01

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 9, 2007*
Pasadena, California

Filed March 23, 2007

Before: Alfred T. Goodwin, Robert R. Beezer, and
Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Michael J. Khouri, Buckner, Khouri, Chavos & Mirkovich, Costa Mesa, California, for the defendant-appellant.

Donald F. Gaffney, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

PER CURIAM:

Boyd and his cohorts robbed Cash Plus at gunpoint of $26,000 and were convicted. Boyd appeals, contending that the government failed to prove two requisite elements of a Hobbs Act conviction: (1) that Cash Plus was engaged in interstate commerce; and (2) that the robbery in any way obstructed, delayed, or affected interstate commerce. *See* 18 U.S.C. § 1951(a).

**[1]** The government proved that Cash Plus, although owned by a domestic California corporation, operated a Western Union money transfer business, cashed government checks, and provided ATM services that allowed customers to access bank accounts outside of California. Western Union money transfers generated in the Cash Plus store were cleared electronically through a clearing house in Missouri. The record shows that the robbery caused the Cash Plus store to close early the day of the robbery and left it without funds with which to open the next business day. The district court correctly concluded that the evidence was sufficient to permit any rational trier of fact to find beyond a reasonable doubt that Cash Plus was engaged in interstate commerce, *see Pensacola Tel. Co. v. W. Union Tel. Co.*, 96 U.S. 1, 9-10 (1877), and that Boyd's robbery of Cash Plus potentially impacted interstate commerce. *See United States v. Atcheson,* 94 F.3d 1237, 1243 (9th Cir. 1996).

**[2]** The "substantially affects" language in *United States v. Lopez*, 514 U.S. 549, 558-59 (1995), and *United States v. Morrison*, 529 U.S. 598, 609 (2000), does not displace our cases requiring only a *de minimis* effect on interstate commerce to support a Hobbs Act prosecution. *See United States v. Lynch*, 437 F.3d 902, 908-09 (9th Cir. 2006) (en banc) (per curiam); *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004).

**AFFIRMED.**