UNITED STATES of America,
Plaintiff–Appellee,

v.

Chad WATTS, Defendant–Appellant.

No. 06–50478.

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2007 *.

Filed June 12, 2007.

Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Donald F. Gaffney, AUSA, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Christopher Johnson, Esq., Criminal Defense Associates, Woodland Hills, CA, Christopher Johnson, Esq., Sacramento, CA, for Defendant–Appellant.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Chad Watts appeals his convictions and sentence for conspiracy to interfere with commerce by robbery and interference with commerce by robbery, in violation of 18 U.S.C. § § 371 and 1951.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We reject appellant's claim that the district court erred in denying the motion for judgment of acquittal based on its finding that sufficient evidence was presented to satisfy the requisite elements of the Hobbs Act, 18 U.S.C. § 1951(a). The same argument was made and rejected by this court in the appeal of codefendant Joel Boyd, who was tried separately. *See United States v. Boyd,* 480 F.3d 1178 (9th Cir.2007). We similarly conclude that the evidence was sufficient to permit a trier to fact to find beyond a reasonable doubt that Cash Plus was engaged in interstate commerce, and that Watts's robbery of Cash Plus potentially impacted interstate commerce. *See United States v. Lynch,* 437 F.3d 902, 908–11 (9th Cir.2006) (en banc) (per curiam).

Appellant's claim that his Sixth Amendment rights were violated when the district court applied an upward adjustment for use of a firearm after the jury found appellant not guilty of the firearms offense, is foreclosed by *United States v. Mercado,* 474 F.3d 654, 658 (9th Cir.2007) (stating that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), has not abrogated the previously prevailing constitutional jurisprudence that allowed sentencing courts to consider conduct underlying acquitted criminal charges).

Accordingly, we grant the government's motion for summary affirmance, and we affirm the district court's judgment. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See*