**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANGEL BARCINAS MANGLONA,<br><br>Defendant - Appellant. | No. 10-10029<br><br>D.C. No. 1:09-cr-00008-ARM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Submitted October 12, 2010[**]
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Angel Barcinas Manglona drove Wilbur Vic Masga Inos to a business

known as Rota Poker on the island of Rota in the Commonwealth of the Northern

Mariana Islands ("CNMI"). Inos proceeded to rob Rota Poker of cash using a rifle

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and ammunition provided by Manglona. Manglona entered into a plea agreement whereby he pled guilty to one count of violating the Hobbs Act, 18 U.S.C. § 1951, for his role in the robbery. The district court sentenced Manglona to 41 months in prison and three years of supervised release for the offense.

Conduct violates the Hobbs Act only if it "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Manglona argues on appeal that the government could not have shown this tie to commerce because, pursuant to § 501 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("the Covenant"), the Commerce Clause does not apply to the CNMI. Assuming that Manglona has not waived this argument,[1] it is without merit. In addressing a similar argument based on § 501 of the Covenant, we determined that "[w]hether the commerce clause . . . 'appl[ies] to' the CNMI does not affect the authority of Congress to enact legislation applicable to the CNMI." United States v. Chang Da Liu, 538 F.3d 1078, 1083 (9th Cir. 2008). Manglona's

---

[1] Manglona's plea agreement includes a broad waiver of his appellate rights. The sole exception to this waiver allows Manglona to appeal the issue of "whether the record supports the conclusion, as a matter of law, that as a result of the Defendants' actions, interstate or foreign commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree."

argument would render that authority meaningless by preventing the government from enforcing statutes passed pursuant to the Commerce Clause. Chang Da Liu therefore forecloses Manglona's contention.

The record contains sufficient evidence to demonstrate that the robbery actually affected commerce. Rota Poker was engaged in business with entities outside the CNMI, and it closed temporarily as a result of the robbery. No further evidence is needed to satisfy the statutory requirement of a tie to commerce. See United States v. Boyd, 480 F.3d 1178, 1179 (9th Cir. 2007) (affirming a Hobbs Act conviction premised on a robbery that forced the temporary closure of a business engaging in interstate transfers of money).

Finally, Manglona argues that the commerce element of the Hobbs Act is unconstitutionally vague as applied to conduct in the CNMI. Manglona's plea agreement appears to waive this argument. Even if not waived, the argument is precluded by United States v. Rodriguez, which held that "the common understanding of the reach of the Commerce Clause" supplies "notice of the scope of the conduct proscribed by section 1951." 360 F.3d 949, 954 (9th Cir. 2004). In light of Congress's authority under the Commerce Clause to enact legislation that is effective in the CNMI, that holding is applicable to the CNMI.

**AFFIRMED.**