**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10075 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00240-RLH-RJJ-1 |
| v. | |
| BRIAN FIERRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted September 13, 2011[**]
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

Brian Fierro appeals his jury trial conviction of one count of interference with commerce by robbery (18 U.S.C. § 1951), one count of discharging a firearm during a crime of violence (18 U.S.C. § 924(c)), and two counts of being a felon in possession of a firearm (18 U.S.C. § 922(g)). We affirm in part and vacate and remand in part. Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court did not plainly err by admitting the evidence Fierro challenges on appeal. The district court did not plainly err when it admitted the evidence that Fierro now challenges under Fed. R. Evid. 403. District judges are not obligated to exclude evidence under Rule 403 *sua sponte. See* Wright & Graham, *Federal Practice & Procedure* § 5224 (1978). Nor are they required to explicitly describe their balancing determinations on the record when a 403 objection is raised. *See United States v. Pena-Gutierrez,* 222 F.3d 1080, 1090-91 (9th Cir. 2000). The evidence that Fierro now challenges was mentioned only briefly at trial, was "not an integral part of the government's case," and thus its admission did not reach the level of plain error. *See United States v. Gomez-Gallardo,* 915 F.2d 553, 557 (9th Cir. 1990).

The district court did not plainly err when it admitted the evidence that Fierro now challenges under Fed. R. Evid. 404(b). Rule 404(b) is a "rule of inclusion" and "[u]nless the evidence of other crimes tends only to prove propensity, it is admissible." *United States v. Rrapi,* 175 F.3d 742, 748 (9th Cir. 1999) (internal quotation marks and citation omitted). The government did not introduce or use the challenged evidence to prove propensity. Fierro's argument that the district court should have applied a four-part test before admitting evidence under Rule 404(b) is unpersuasive because it presumes that the defendant timely objected, which Fierro did not.

## II

The government introduced sufficient evidence of a nexus to interstate commerce required to prove Hobbs Act robbery under 18 U.S.C. § 1951. To establish the interstate commerce element of a Hobbs Act charge, "the government need only establish that a defendant's acts had a *de minimis* effect on interstate commerce." *United States v. Lynch,* 437 F.3d 902, 908 (9th Cir. 2006) (en banc). The interstate nexus is satisfied by "proof of a probable or potential impact on interstate commerce." *Id.* at 909 (internal quotation marks omitted). This standard is quite low, as "[t]he government need not show that a defendant's acts actually affected interstate commerce." *Id.* We have "consistently upheld convictions

under the Hobbs Act even where the connection to interstate commerce was slight." *Id.* (internal quotation marks and citation omitted).

Fierro agrees that the business he robbed, the Lucky Nickel Saloon, was engaged in interstate commerce. However, he argues that the government failed to present evidence that the robbery had even a *de minimis* effect on interstate commerce. The record, however, indicates that the government introduced sufficient evidence that could permit a jury to find that the robbery had a *de minimis* impact on interstate commerce. Immediately following the robbery and shooting, the Lucky Nickel temporarily closed so that officers could cordon off and secure the scene to preserve it for investigation. They then interviewed witnesses and examined the area with the crime scene analyst. The analyst photographed the scene and collected evidence, even cutting open the wall to retrieve the bullet embedded within. This is enough evidence of at least a *de minimis* interference with interstate commerce. *See United States v. Boyd,* 480 F.3d 1178, 1179 (9th Cir. 2007) (affirming a Hobbs Act conviction premised on a robbery that forced the temporary closure of a business engaging in interstate transfers of money).

III

The government concedes that the district court committed plain error by failing to dismiss a multiplicitous § 922(g) count for possession of the same

firearm. Fierro was convicted of two counts of 18 U.S.C. § 922(g), each for possession of the same .357 revolver. Fierro argues, and the government agrees, that only one conviction is appropriate because his possession was one, uninterrupted course of conduct. *See United States v. Horodner,* 993 F.2d 191, 192-93 (9th Cir. 1993) (holding that a defendant's double jeopardy rights were violated by his convictions on two § 922(g) counts where his gun "possession was one uninterrupted course of conduct."). Moreover, in order to support separate § 922(g) offenses, the separateness of acquisition or possession of a firearm must be found by a jury. *See United States v. Ankeny,* 502 F.3d 829, 838 (9th Cir. 2007). Thus, we must vacate and remand to allow the district court to amend the judgment to omit one of Fierro's multiplicitous § 922(g) convictions.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**