**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30145 |
| Plaintiff - Appellee, | DC No. 4:11 cr-0075 SEH |
| v. | |
| HUGH CLARENCE RIDGLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 7, 2013[**]
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

Hugh Ridgley was charged, under the Hobbs Act, with the robberies of two

pizza deliverymen. 18 U.S.C. § 1951(a). He appeals his conviction on both

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

counts, arguing that: (1) the interstate commerce jury instruction was defective; and (2) there was insufficient evidence to support the convictions. We affirm.

**1.** Ridgley takes issue with the following jury instruction: "To establish that commerce was affected, the proof may only show a de minimus, that is, a slight effect or a probable or potential impact on interstate commerce." We have repeatedly approved the standard described by this instruction. *See, e.g.*, *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996) (rejecting a jury instruction challenge because "the Government need only prove that [defendant's] actions had a probable or potential effect on interstate commerce to support his conviction under the Hobbs Act"). Moreover, this standard has been approved in prosecutions for both substantive and inchoate offenses. *See United States v. Boyd*, 480 F.3d 1178, 1178 (9th Cir. 2007) (per curiam) (upholding a Hobbs Act conviction because the completed robbery of a business "potentially impacted interstate commerce"). Accordingly, there was no instructional error.

**2.** There was also sufficient evidence to sustain the convictions for both counts. "In reviewing sufficiency of the evidence claims, we view the evidence in the light most favorable to the prosecution and determine whether any rational jury could have found Defendant[] guilty of each element of the crime beyond a reasonable doubt." *United States v. Ruiz*, 462 F.3d 1082, 1088 (9th Cir. 2006).

"Robbery of an interstate business . . . typically constitutes sufficient evidence to satisfy the Hobbs Act's interstate commerce element." *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004).[1]

The evidence showed that the two pizza restaurants were engaged in interstate commerce because their supplies and ingredients came from out of state. The evidence also showed that the stolen money belonged to the restaurants, not to the individual victims. Accordingly, a rational jury could have found Ridgley guilty on both robbery counts.

**AFFIRMED.**

---

[1]    We reject Ridgley's contention that the heightened test for robbery of individuals should apply. *See, e.g.*, *United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) (en banc) (per curiam). This was not a case where the victims happened to be employees of an interstate business; instead, they were acting within the scope of their employment at the time of the respective crimes, and the stolen cash belonged to their respective employers.