UNITED STATES of America, Plaintiff–Appellee,

v.

Terry Lynn BEYDLER, Defendant–Appellant.

No. 96–30035.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1997.

Decided July 22, 1997

James D. Lang, Portland, OR, for defendant–appellant.

Michael W. Mosman, Assistant United States Attorney, Portland, OR, for plaintiff-appellee.

Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* Senior District Judge.

William W SCHWARZER, Senior District Judge.

We are called on to decide whether a statement given to police by a declarant who was offered leniency in exchange for cooperation qualifies under the hearsay exception for statements against penal interest, Fed. R.Evid. 804(b)(3).

Beydler was charged in a two-count indictment with robbery, 18 U.S.C. § 1951, and carrying an unlawful firearm in the commission of a federal felony, 18 U.S.C. § 924(c). At the trial the court admitted, over Beydler's objection, the testimony of the government's witness, Detective James Strovink, in which he related statements made by Marshall Rickerd. After a jury trial, Beydler was convicted on both counts. We have jurisdiction over his appeal under 28 U.S.C. § 1291, and now reverse the convictions and remand for a new trial.

### FACTUAL BACKGROUND

Robert and Jean Young operated a carpet business in Portland, Oregon, out of their residence. On May 23, 1994, three armed, masked individuals broke into the Youngs' residence. The robbers tied up the Youngs and demanded the contents of a company safe maintained in their residence. Unable

---

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

to open the safe, the robbers took it with them.

In the course of the investigation of the robbery, on July 13, 1994, Detective Strovink accompanied FBI agents on a raid of a fugitive's home. Strovink went on the raid specifically to find and question Marshall Rickerd as a potential witness to the Young robbery. Rickerd had been convicted of felonies in the past and was on parole at the time. Strovink found Rickerd and suggested they have a conversation. Rickerd agreed and together they drove in Strovink's unmarked patrol car to an isolated location several blocks away. According to his testimony, Strovink then told Rickerd that the police knew of his involvement in the Young robbery, that Rickerd was involved in a very serious crime and could be facing "a very serious penalty in terms of prison," that it would be in Rickerd's best interest to cooperate with police, that if Rickerd told him things it would help him, and that Rickerd was going to be in a lot of trouble if he did not cooperate.

Rickerd then told Strovink that he had stolen a 1968 Chevrolet Caprice at the request of Kurt Michaels for use during a "job." Rickerd had understood this job to be some type of burglary. He also identified Beydler as the man who later came to pick up the stolen car. Rickerd was never charged or prosecuted for his admitted theft of the Caprice.

The government did not try to keep track of Rickerd in the year between the time he made the statement and the month preceding the trial date. Prior to the trial, however, the government made several attempts to subpoena Rickerd. Detective Strovink visited the residences of known associates and relatives of Rickerd. He met with patrol officers and conducted surveillance in areas where Rickerd was suspected of staying. He also checked all Oregon prison facilities for Rickerd.

When these efforts failed, the government moved for admission of Rickerd's statement at trial under Fed.R.Evid. 804(b)(3). The district court granted this motion over Beydler's objection.

## DISCUSSION [1]

■ We review the district court's evidentiary ruling for abuse of discretion. *See United States v. Monaco,* 735 F.2d 1173, 1176 (1984).

■ The district court admitted Strovink's testimony about Rickerd's statement under the exception to the hearsay rule for statements against penal interest, which provides in relevant part:

**(b) Hearsay exceptions**

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . .

**(3) Statement against interest**

A statement which . . . at the time of its making . . . so far tended to subject [the declarant] to . . . criminal liability, . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

Fed.R.Evid. 804(b)(3).

Thus, the rule establishes three prerequisites to admission of a statement: (1) that the declarant be unavailable, (2) that the statement be against his penal interest, and (3) that a reasonable person would not have made the statement unless he believed it to be true. Because we hold that the statement failed to meet the third prerequisite, we need not address the first two.

■ In circumstances such as those presented here, we must consider whether the statement was "made with an eye to obtaining a 'deal' with the government." *United States v. Magana–Olvera,* 917 F.2d 401, 408

---

1. Beydler also appeals the denial of his motion for acquittal. He claims that *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), increased the previous *de minimis* interstate commerce nexus required for a violation of the Hobbs Act, 18 U.S.C. § 1951. We rejected that argument during the pendency of Beydler's appeal. *See United States v. Atcheson,* 94 F.3d 1237, 1242–43 (9th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1096, 137 L.Ed.2d 229 (1997). The district court correctly denied Beydler's motion for acquittal.

(9th Cir.1990). Where the "danger of currying favor with the authorities [is] strong enough [we] find an abuse of discretion under Rule 804(b)(3)." *Id.* (citing *United States v. Monaco,* 735 F.2d 1173, 1177 (9th Cir.1984)). In *Magana–Olvera* we found it an abuse of discretion to admit statements (1) made in custody, (2) in an attempt to curry favor from federal authorities, (3) in response to government encouragement and suggestions that the declarant's prison time could be cut in half, and (4) tending to trivialize the declarant's role and pointing to another. *See id.* at 409.

The *Magana–Olvera* factors are useful indicia for the analysis of the statement's likely reliability. In the end, of course, we must determine reliability in light of all of the circumstances of the particular case. Here, Rickerd made his statement, though not in formal custody, while in a police car in an isolated location. He did not trivialize his role or try to shift blame but his incentives to cooperate were no less: he was told by the detective that the police knew of his involvement in the robbery, that it was a very serious crime, that he was facing a very serious penalty in the form of a prison term, that it would be in his best interest to cooperate with the police and that he would be in a lot of trouble if he did not cooperate. This was an unvarnished invitation to make a deal, coupled with an undisguised threat. On this record, because there is no basis for finding that a reasonable person in Rickerd's position would not have made the statement unless he believed it to be true, the admission of the statement was an abuse of discretion.

■ It follows that the admission of the statement was necessarily a violation of Beydler's rights under the confrontation clause of the Sixth Amendment. *See Magana–Olvera* at 409. "Violations of the confrontation clause require reversal unless they are harmless beyond a reasonable doubt." *United States v. Jones,* 766 F.2d 412, 414 (9th Cir. 1985). The government does not contend that this violation was harmless.

REVERSED and REMANDED.