**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Kevin Paul WOODRUFF,
Defendant–Appellee.**

No. 96–10397.

United States Court of Appeals,
Ninth Circuit.

Submitted July 15, 1997 *.

Decided Aug. 6, 1997.

Craig J. Jacobsen, Assistant United States Attorney, Oakland, CA, for plaintiff–appellant.

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34–4.

Ephraim Margolin, Law Offices of Ephraim Margolin, San Francisco, CA, for defendant–appellee.

Before: FARRIS and TASHIMA, Circuit Judges, and STAGG, Senior District Judge **

FARRIS, Circuit Judge:

Kevin Woodruff was convicted by a jury of four counts of interfering with interstate commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a). The district court granted Woodruff's post-verdict motion for a judgment of acquittal on all counts. 941 F.Supp. 910 (N.D.Cal.1996). The United States appeals. We vacate the judgment of acquittal and remand.

■ In a Hobbs Act robbery prosecution, the government is required to prove two things: (1) that the defendant either committed or attempted to commit a robbery, and (2) a nexus between the defendant's acts and interstate commerce. 18 U.S.C. § 1951(a); *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960). Each is an element of the crime that must be proven beyond a reasonable doubt. *United States v. Nukida*, 8 F.3d 665, 669–73 (9th Cir.1993).

■ The district court held that the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), overruled our well-settled rule that the government need show only a *de minimis* effect on interstate commerce to satisfy the Hobbs Act's jurisdictional element. *See, e.g., United States v. Phillips*, 577 F.2d 495, 501 (9th Cir.1978); *United States v. Zemek*, 634 F.2d 1159, 1173 n. 20 (9th Cir.1980). After *Lopez*, the district court reasoned, the government was required to prove that a defendant's conduct had a

** The Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

substantial effect on interstate commerce in order to support a Hobbs Act robbery charge. Because in the district court's opinion, no reasonable juror could have found that Woodruff's conduct had such an effect, the court entered a judgment of acquittal for Woodruff.

We have since held that *Lopez* did not render our use of the *de minimis* standard in Hobbs Act robbery cases constitutionally infirm. In *United States v. Atcheson,* 94 F.3d 1237, 1241–43 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1096, 137 L.Ed.2d 229 (1997), we affirmed a Hobbs Act robbery conviction using the *de minimis* effect standard, rejecting the defendants' argument that *Lopez* had undermined its validity. We explained that unlike the Gun–Free School Zones Act at issue in *Lopez,* "which was aimed at purely local, noneconomic activities," *see Lopez,* 514 U.S. at 558–59, 115 S.Ct. at 1630–31 (describing the Gun–Free School Zones Act as "a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise"), the Hobbs Act is "directly aimed at economic activity" that in some way or degree affects interstate commerce. *Atcheson,* 94 F.3d at 1242. *Lopez*'s "substantially affects" test is not applicable to the Hobbs Act, we explained, because the *Lopez* test was developed "to define the extent of Congress's power over purely *intra*state commercial activities that nonetheless have substantial *inter*state effects," *id.* (quoting *United States v. Robertson,* 514 U.S. 669, 115 S.Ct. 1732, 131 L.Ed.2d 714 (1995)(per curiam)(emphasis in original)), and the Hobbs Act "is concerned solely with *inter*state, rather than *intra*state, activities." *Id.*

By requiring the government to show that Woodruff's crimes had a substantial effect on interstate commerce, the district court applied the wrong legal standard. Although it appears that the government's evidence would have been sufficient to support Woodruff's conviction under the proper standard, that question is not before this court. The district court may consider that issue on remand, if necessary. The judgment of ac-

quittal is VACATED and the case REMANDED for further proceedings.