**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Son Van LY, Defendant–Appellant.**

No. 99–50678.
D.C. No. CR–97–00512–TJH–13.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 24, 2001.

1. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Maini v. INS*, 212 F.3d 1167, 1173 (9th Cir.2000).

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Son Van Ly appeals his conviction for one count of conspiracy to interfere with interstate commerce by robbery and one count of interference with interstate commerce by robbery. *See* 18 U.S.C. § 1951(a). We affirm.

■ (1) Ly asserts that there was insufficient evidence to establish a jurisdictional nexus between these takeover armed robberies of computer businesses and interstate commerce. We disagree. Of course, the nexus must be shown, *see* 18 U.S.C. § 1951; *United States v. Atcheson*, 94 F.3d 1237, 1241 (9th Cir.1996). But the effect need not be great; in fact, a small effect is enough. *See United States v. Woodruff*, 122 F.3d 1185, 1186 (9th Cir. 1997); *United States v. Zemek*, 634 F.2d 1159, 1173 n. 20 (9th Cir.1980). Testimony in this case indicated that components used in the computer systems and products manufactured by the victim were made outside of the state, and were purchased from outside sources. That is enough to show an effect on interstate commerce.

■ (2) Ly also claims that the evidence was insufficient to establish the elements of the crime. Again, we disagree. He complains of the fact that witnesses against him were co-conspirators, who should not have been believed. But credibility and the weight of the evidence are for the jury. *See United States v. Vaccaro*, 816 F.2d 443, 454 (9th Cir.1987). Moreover, even if the witnesses were accomplices, their testimony can sustain the conviction, if it was not incredible or insubstantial. *See id.; United States v. Lopez*, 803 F.2d 969, 973 (9th Cir.1986). The evidence here easily passed that test. If

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

believed, the witnesses' detailed evidence and their identification of Ly as one of their cohorts was fatal to his case. Obviously, the jury did believe them.

■ (3) Finally, Ly complains that evidence of other bad acts—an attempted robbery of the same ilk as the one at hand—should not have been admitted. But other act evidence can be admitted, if it is not used to "prove character ... in order to show action in conformity therewith." Fed.R.Evid. 404(b). Ly contested his identity—he agreed that the people at the crime scene were bad actors, but he said he was not there. The evidence, thus, was material. It tended to show that he was, indeed, one of the robbers. *See Huddleston v. United States*, 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988); *United States v. Garcia–Orozco*, 997 F.2d 1302, 1304 (9th Cir.1993). It was not too remote in time. *See United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir. 1991); *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir.1989). Moreover, the methodology used in the offenses was similar in its essential details. *See United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir.1994); *United States v. Powell*, 587 F.2d 443, 448 (9th Cir.1978). Finally, there was plenty of evidence that Ly engaged in committing the other crime. *See Huddleston*, 485 U.S. at 690, 108 S.Ct. at 1501.

Of course, we must also ask if the probative value of the evidence outweighed its prejudicial effect. *See* Fed.R.Evid. 403; *United States v. Bailleaux*, 685 F.2d 1105, 1112 (9th Cir.1982). The evidence here passes that test also. It was probative, and was less shocking than the crime for which Ly was being tried. By the same token, even if there were error, the other

evidence and the district court's instructions rendered that error harmless. *See United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir.2000), *cert. denied*, 530 U.S. 1268, 120 S.Ct. 2733, 147 L.Ed.2d 995 (2000).[1]

AFFIRMED.

---

1. This is not undercut by *United States v. McCollum*, 732 F.2d 1419, 1425 (9th Cir. 1984). In *McCollum*, intent was at issue, but in this case, while identity was at issue, intent was not.