*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0090p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

No. 07-3002

RAJAH BAYLOR,

        *Defendant-Appellant.*

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 06-00168—James S. Gwin, District Judge.

Submitted: February 7, 2008

Decided and Filed: February 26, 2008

Before: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** James M. Campbell, Akron, Ohio, for Appellant. Duncan T. Brown, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

    GRIFFIN, J., delivered the opinion of the court, in which SUTTON, J., joined. SUHRHEINRICH, J. (p. 5), delivered a separate concurring opinion.

_____

## OPINION

_____

    GRIFFIN, Circuit Judge. Following a jury trial in the United States District Court for the Northern District of Ohio, Rajah Baylor was convicted on one count of interfering with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Baylor was subsequently sentenced to a term of 140 months of imprisonment. He now appeals his convictions, arguing that the requirement of a *de minimis* effect on interstate commerce under the Hobbs Act is unconstitutional in light of the Supreme Court's decision in *United States v. Morrison*, 529 U.S. 598 (2000). Baylor argues further that, even assuming that the *de minimis* standard is appropriate, the government failed to show that his activity had such an effect on interstate commerce. Finding each of Baylor's arguments to be devoid of merit, we affirm his convictions.

1

I.

On the evening of December 21, 2005, Little Caesar's manager Tina Martin was in the process of closing a Cleveland-area location of the chain pizza restaurant when a brick, thrown from the outside, shattered the glass of the front door. A man dressed in all black, with a hooded sweatshirt covering the top of his head and a mask covering his face, stepped forward and pointed a .38 revolver at Martin, demanding that she open the store's register. The man struck Martin on the head and left with $538. Cleveland police officers later pulled over a vehicle driven by Baylor's accomplice, Kevin Oliver, and arrested Baylor and Oliver, finding a gun, masks, and gloves on the floorboard of the vehicle. The police returned the suspects to the Little Caesar's restaurant, where Martin identified Baylor as her assailant.

Following a two-day trial, a jury convicted Baylor of interfering with commerce by robbery (Count One), in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and of using a firearm in relation to a crime of violence (Count Two), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court then sentenced Baylor to a term of 56 months of imprisonment on Count One and 84 months on Count Two, to be served consecutively, for a total term of 140 months of imprisonment.

II.

Baylor argues that in order to satisfy the jurisdictional element of the Hobbs Act, his activity must have had more than a *de minimis* effect on interstate commerce. Accordingly, Baylor contends that our prior cases interpreting the Hobbs Act, which have held that a *de minimis* effect on interstate commerce is sufficient to meet constitutional requirements, should be re-examined in light of the Supreme Court's decision in *Morrison*. In *Morrison*, the Court invalidated the civil remedy provision of the Violence Against Women Act, holding that it did not regulate activity that substantially affected interstate commerce. 529 U.S. at 613. Five years earlier, in *United States v. Lopez*, 514 U.S. 549 (1995), the Court held that Congress's enactment of the Gun-Free School Zones Act of 1990 exceeded the scope of its authority under the Commerce Clause, in that "possession of a gun in a local school zone is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce." *Lopez*, 514 U.S. at 567. *See also United States v. Dupree*, 323 F.3d 480, 485 n.1 (6th Cir. 2003) (summarizing the holdings of *Lopez* and *Morrison*).

We review Baylor's argument de novo because it raises a question of law. *United States v. Smith*, 182 F.3d 452, 455 (6th Cir. 1999).

The Hobbs Act provides that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion . . . . shall be fined . . . or imprisoned . . . ." 18 U.S.C. § 1951(a). In *Smith*, we reaffirmed our pre-*Lopez* holdings that the government must prove only that a robbery had a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional requirement of the Hobbs Act. Surveying the weight of authority from our sister circuits, we observed that:

> All of the other circuits that have considered the issue have held that the *de minimis* standard for Hobbs Act charges survived Lopez, although the Fifth Circuit has recently granted a rehearing on this issue. *See United States v. Harrington*, 108 F.3d 1460, 1465 (D.C. Cir. 1997); *United States v. Alfonso*, 143 F.3d 772, 775 (2d Cir. 1998); *United States v. Farrish*, 122 F.3d 146, 147 (2d Cir. 1997); *United States v. Hickman*, 151 F.3d 446, 456 (5th Cir. 1998), *reh'g granted and op. vacated*, 165 F.3d 1020 (5th Cir. 1999), [*affirmed by* 179 F.3d 230 (5th Cir. 1999) (en banc)]; *United States v. Miles*, 122 F.3d 235 (5th Cir. 1997); *United States v. Robinson*, 119 F.3d 1205 (5th Cir. 1997), *cert. denied*, 522 U.S. 1139 (1998); *United States v.*

> *Nelson*, 137 F.3d 1094, 1102 (9th Cir. 1998); *United States v. Woodruff*, 122 F.3d 1185 (9th Cir. 1997); *United States v. Beydler*, 120 F.3d 985, 987 (9th Cir. 1997); *United States v. Nguyen*, 155 F.3d 1219, 1224 (10th Cir. 1998); *United States v. Bruce*, 78 F.3d 1506, 1509 (10th Cir. 1996); *United States v. Bolton*, 68 F.3d 396, 398-99 (10th Cir. 1995); *United States v. Paredes*, 139 F.3d 840 (11th Cir. 1998) (Wellford, J., sitting by designation); *United States v. Castleberry*, 116 F.3d 1384, 1387 (11th Cir. 1997).

*Smith*, 182 F.3d at 456. We found persuasive the Tenth Circuit's reasoning in *Bolton* that in *Lopez*, the Supreme Court "recognized that if a statute regulates an activity which, through repetition, in aggregate has a substantial effect on interstate commerce, the *de minimis* character of individual instances arising under the statute is of no consequence," *id.* (quoting *Bolton*, 68 F.3d at 399) (internal citation and quotation omitted), and held that the "*de minimis* standard for the interstate commerce effects of individual Hobbs Act violations survived *Lopez*." *Smith*, 182 F.3d at 456.

Four years later, in *Dupree*, we addressed the same argument that Baylor now raises – that *Morrison* requires the government to prove more than a *de minimis* effect on interstate commerce under the Hobbs Act. *Dupree*, 323 F.3d at 484-85. We rejected that claim, reaffirming our prior holding in *Smith* that "the traditional *de minimus* standard for Hobbs Act violations" was appropriate following *Lopez* and *Morrison*, so that "'if a statute regulates an activity which, through repetition, in [the] aggregate has a substantial effect on interstate commerce, the *de minimus* character of individual instances arising under the statute is of no consequence.'" *Dupree*, 323 F.3d at 485 (quoting *Smith*, 182 F.3d at 456).

Most recently, we considered the *de minimis* standard's applicability to the Hobbs Act in *United States v. Davis*, 473 F.3d 680, 681 (6th Cir. 2007). Specifically, in *Davis*, we rejected the defendant's argument that the *de minimis* standard is no longer applicable to the Hobbs Act after the Supreme Court's decision in *Gonzales v. Raich*, 545 U.S. 1 (2005). *Davis*, 473 F.3d at 682. As we explained:

> There is no reading of *Raich* that supports Davis's contention that this Court cannot continue to apply the *de minimis* standard to Hobbs Act cases, where, as here, the extortion is directed at a business. The Hobbs Act, like the [Controlled Substances Act at issue in *Raich*], regulates activities, which, in the aggregate, have a substantial effect on interstate commerce. *See United States v. Bolton*, 68 F.3d 396, 399 (10th Cir. 1995) ("In enacting the Hobbs Act, Congress determined that robbery and extortion are activities which through repetition may have substantial detrimental effects on interstate commerce.") (citing H.R. Rep. No. 238, 79th Cong., 1st Sess., (1945), *reprinted in* 1946 U.S.C.C.A.N. 1360, 1370); *see also* [*United States v.*] *Wang*, 222 F.3d [234] at 238 [(6th Cir. 2000)] ("*Lopez* did not require realignment of the Hobbs Act's jurisdictional nexus because individual instances arising under the statute could, through repetition, have a substantial effect on interstate commerce.") (citing *Smith*, 182 F.3d at 456). Therefore, *Raich* permits, rather than restricts, the continued application of the *de minimis* standard where the Hobbs Act offense is directed at a business.

*Davis*, 473 F.3d at 683. We are bound by our prior published opinions in *Smith*, *Dupree*, and *Davis*, and must reject Baylor's challenge to the *de minimis* standard. *See* Sixth Cir. R. 206(c); *United States v. Humphrey*, 287 F.3d 422, 452 (6th Cir. 2002).

Finally, we note that since *Smith*, which was published prior to *Morrison*, our sister circuits have continued to apply the *de minimis* standard to the interstate commerce nexus under the Hobbs Act in the wake of *Morrison*. *See United States v. Griffin*, 493 F.3d 856, 861 (7th Cir. 2007); *United*

*States v. Nascimento*, 491 F.3d 25, 37 n.3 (1st Cir. 2007); *United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007); *United States v. Davila*, 461 F.3d 298, 306-07 (2d Cir. 2006); *United States v. Foster*, 443 F.3d 978, 983 n.3 (8th Cir. 2006); *United States v. Urban*, 404 F.3d 754, 766 (3d Cir. 2005); *United States v. McCormack*, 371 F.3d 22, 28 (1st Cir. 2004), vacated on other grounds, 543 U.S. 1098 (2005); *United States v. Malone*, 222 F.3d 1286, 1294-95 (10th Cir. 2000). It appears that the Fifth Circuit is divided as to whether the aggregation principle may be applied to allow Hobbs Act convictions where the impact on interstate commerce of individual robberies is minimal. *See United States v. McFarland*, 311 F.3d 376, 409-10 (5th Cir. 2002) (en banc) (dividing equally on aggregation principle, and therefore affirming defendant's conviction).

### III.

Although he does not identify this claim in his brief's "Issues Presented For Review," Baylor also argues that the government did not offer sufficient evidence at trial to satisfy the *de minimis* standard. Federal Rule of Appellate Procedure 28(a) requires the appellant's brief to contain, *inter alia*, "a statement of the issues presented for review . . . ." *See also, e.g., United States v. Winkle*, 477 F.3d 407, 416 n.4 (6th Cir. 2007); *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 462 (6th Cir. 2003). Baylor's brief on appeal identified only a single issue for review: "Whether the *de minimis* threshold is constitutionally sufficient to fulfill the jurisdictional element of the Hobbs Act?"

Assuming, without deciding, that Baylor has raised this issue properly for our review, his argument is plainly without merit. At trial, the government offered the testimony of Joe Mestrovich, the senior director of logistics and transportation services for Blue Line Food Service Distribution ("Blue Line"). Mestrovich testified that Blue Line distributes food products for Little Caesar's restaurants, including the Cleveland location that was robbed by Baylor. He testified further that the food products (cheeses, flours, sauces) traveled through interstate commerce to the Blue Line warehouse in Columbus, Ohio, before they were shipped to the Little Caesar's restaurant that Baylor robbed. For example, Mestrovich stated that the flour used by the Cleveland Little Caesar's restaurant originated in Minnesota, the sauce from California, and the cheese from Wisconsin. This testimony alone is sufficient to satisfy the *de minimis* standard. *See United States v. Watkins*, 509 F.3d 277, 281 (6th Cir. 2007) (holding that *de minimis* standard is satisfied where defendant robbed check-cashing business that drew checks on nationwide banks); *Davis*, 473 F.3d at 684 (finding *de minimis* standard satisfied by extortion of a bar that purchased alcohol that had traveled in interstate commerce); *United States v. Brown*, 959 F.2d 63, 68 (6th Cir. 1992) (holding that *de minimis* standard was satisfied where defendant attempted to rob a bar that purchased alcohol that had traveled in interstate commerce).

### IV.

For the reasons stated, we affirm Baylor's convictions.

---

## CONCURRENCE

---

SUHRHEINRICH, Circuit Judge, concurring.  I concur because the majority's decision is consistent with the law of this Circuit and most other circuits, and is thus correct.  However, I think those decisions are inconsistent with the recent Supreme Court precedent, and more fundamentally, the doctrine of federalism.

In *United States v. Lopez*, the Supreme Court held that to fall within the scope of the Commerce Clause, the regulated activity must substantially affect interstate commerce.  *United States v. Lopez*, 514 U.S. 549, 559 (1995) ("Where economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained.").  In *United States v. Morrison*, the Supreme Court expressly rejected an aggregation theory when regulating non economic activity.

> The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States.  Indeed, we can think of no better example of the police power, which the Founders denied the National Government and reposed in the States, than the suppression of violent crime and vindication of its victims.

*United States v. Morrison*, 529 U.S. 598, 617 (2000) (citations omitted).  By continuing to allow a *de minimis* standard for individual violations of the Hobbs Act, we are essentially nullifying the "substantial effect" test of *Lopez* and *Morrison*.  *See United States v. Dupree*, 323 F.3d 480, 485 (6th Cir. 2003) (holding that "the traditional *de minimis* standard for Hobbs Act violations survived *Lopez*").[1]

The effect of our Court's rulings is that every local robbery of a business in the United States is a federal crime.  I acknowledge that the Supreme Court has held that Congress intended to include within the scope of the Hobbs Act conduct that was already punishable under the state robbery and extortion statutes.  *See United States v. Culbert*, 435 U.S. 371, 379-80 (1978).  However, I cannot believe that this is what the Founding Fathers intended.  Moreover, I have harbored the hope that the Supreme Court in *Lopez* was seeking to restore a proper state-federal balance that gives actual meaning to the term federalism.  I also hope that the Supreme Court will consider the issue of whether the *de minimis* test survives *Lopez* and *Morrison*.

---

[1]Notably, *United States v. Dupree* never directly addressed the holding from *Morrison*, but rather found it sufficient to rely on *United States v. Smith*, 182 F.3d 452 (6th Cir. 1999), which was decided after *Lopez* but before *Morrison*.