**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name:  15a0165n.06

Case No. 12-6542

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 03, 2015<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| CHRISTOPHER CONYERS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:  GIBBONS, SUTTON, and McKEAGUE, Circuit Judges.

SUTTON, Circuit Judge.  Christopher Conyers pleaded guilty to several crimes arising from plots concocted by Jamal Shakir, a federal prisoner.  As part of his plea agreement, Conyers waived the right to appeal his conviction and sentence.  He nonetheless appeals both, claiming the appeal waiver was unknowing and involuntary because his plea lacked a factual basis.  We find no flaw in Conyers' plea, requiring us to enforce the waiver and to dismiss the appeal.

In September 2009, prison officials intercepted a letter from Jamal Shakir to Christopher Conyers revealing plans to commit several violent crimes.  Authorities searched Conyers' home and found another jailhouse letter from Shakir instructing Conyers to steal a helicopter and rob a

drug dealer named Lil Ced.  Conyers passed along some information about helicopters to a fellow conspirator and helped to coordinate the robbery of Lil Ced.

Conyers pleaded guilty to four federal crimes relevant to this appeal:  (1) aiding or assisting the attempted escape of a federal prisoner; (2) conspiring to provide such aid; (3) conspiring to violate the Hobbs Act; and (4) possessing a firearm in furtherance of that robbery.  *See* 18 U.S.C. §§ 2, 371, 752(a), 924(c), 1951(a).  His plea agreement contains a lengthy factual basis section, which Conyers acknowledged is accurate.  As part of the agreement, Conyers waived the right to appeal "any issue bearing on . . . whether he is guilty" and "any sentence within the range of 180–300 months."  R. 562 at 30–31 (PageID # 1719–20).  About three months after entering his guilty plea, Conyers recanted and attempted to withdraw the plea, but the district court refused his request.  The court imposed a within-guidelines sentence of 276 months.

Conyers appealed.  Before reaching the merits of his appeal, we must consider whether he has the right to file it—whether in other words we must enforce the appeal waiver included in his plea agreement.

Conyers claims that his guilty plea was unknowing and involuntary, *see United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012), because it lacked a sufficient "factual basis," Fed. R. Crim. P. 11(b)(3).  The factual-basis requirement ensures that defendants understand the nature of the charged crimes and protects them from pleading guilty "without realizing that [their] conduct does not actually fall within the charge[s]."  *McCarthy v. United States*, 394 U.S. 459, 467 (1969) (internal quotation marks omitted).  Important though these objectives are, the factual-basis requirement demands "less evidence than would be needed to sustain a conviction at trial."  1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure* § 179,

at 266 (4th ed. 2008); *see United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995) ("strong evidence of actual guilt" not required); *United States v. Delgado-Hernandez*, 420 F.3d 16, 27 (1st Cir. 2005) (question "is not whether a jury would, or even would be likely, to convict," but only whether some basis exists for concluding "that the defendant is at least arguably guilty" (internal quotation marks omitted)). Conyers challenges the district court's compliance with the factual-basis requirement on several fronts.

He first challenges the factual basis of his plea to the two escape-related charges. To prove he *aided* Shakir's escape attempt, the government had to show that Conyers knew of Shakir's plan and took an affirmative step to facilitate it. *See* 18 U.S.C. §§ 2, 752(a); *Rosemond v. United States*, 134 S. Ct. 1240, 1245–49 (2014). To prove he *conspired* to provide such aid, the government had to show that Conyers knew about Shakir's escape plan, that he agreed to assist the attempted escape, and that at least one conspirator committed an overt act in connection with the agreement. *See* 18 U.S.C. §§ 371, 752(a); *United States v. Feola*, 420 U.S. 671, 692–96 (1975).

The admissions in Conyers' plea agreement establish the elements of both crimes. Conyers admitted that he deliberately ignored the "high probability that [Shakir] wanted to use the helicopter to escape from custody." R. 562 at 19 (PageID # 1708). Such willful blindness proves his knowledge. *See United States v. Mitchell*, 681 F.3d 867, 876–77 (6th Cir. 2012); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070–71 (2011). Conyers admitted that he: (1) received a letter from Shakir outlining a plot to steal a helicopter; (2) discussed the plot with Shakir on recorded jail calls; and (3) passed along information about helicopters to a coconspirator so she could conduct further research. These facts readily support a "mutual understanding" among Conyers and his cohorts that they would aid Shakir's scheme.

*See United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989). In relaying the helicopter information to other conspirators, Conyers became a "catalyst" who helped move the plot along, supplying the requisite affirmative act of aid. *See United States v. Winston*, 687 F.2d 832, 835 (6th Cir. 1982). All in all, Conyers' plea to the escape counts did not violate Criminal Rule 11 or any other imperative of a knowing and voluntary guilty plea.

*United States v. Sliwo*, 620 F.3d 630 (6th Cir. 2010), is not to the contrary. We overturned Sliwo's drug-conspiracy conviction because the government did not show he knew anything more precise than that he joined a scheme involving "something illegal." *Id.* at 633–35. Conyers by contrast admitted to closing his eyes to the less-than-subtle reality that Shakir hoped to use a helicopter to escape. Also unhelpful is *United States v. Price*, 134 F.3d 340, 351 (6th Cir. 1998), and its requirement of a "substantial step" in aid of the crime. *Price* concerned liability for *attempt itself*, not aiding and abetting. The affirmative-act requirement for accomplice liability is not as rigorous. *See* 2 Wayne R. LaFave, *Substantive Criminal Law* § 13.2 (2d ed.) (noting that "words or gestures of encouragement" and "providing others with the plan for the crime" suffice).

Conyers next challenges the factual basis of his Hobbs Act conspiracy conviction for the plot to rob Lil Ced, claiming a lack of evidence about any impact on interstate commerce. *See* 18 U.S.C. §§ 371, 1951(a). If growing too much wheat on a farm outside Dayton, Ohio for self (and animal) consumption counts as interstate commerce, *see Wickard v. Filburn*, 317 U.S. 111, 127–29 (1942), drug trafficking (and criminal activity in service of it) generally will count as interstate commerce for purposes of the Hobbs Act. *See United States v. Cecil*, 615 F.3d 678, 691–92 (6th Cir. 2010). As recounted in the plea agreement, Shakir's letter to Conyers about the robbery plot explained that Lil Ced "work[ed]" at his house selling "dope" and kept "decent

change" (money) there. R. 562 at 19 (PageID # 1708). The conspiracy thus targeted Lil Ced's place of business, meaning the government need only prove a "realistic probability" of some minor effect on commerce. *See United States v. Baylor*, 517 F.3d 899, 901–02 (6th Cir. 2008); *United States v. Watkins*, 509 F.3d 277, 281 (6th Cir. 2007). The potential reduction in the volume of drugs Lil Ced could sell provides that connection, at least for Rule 11 purposes. *See United States v. Ostrander*, 411 F.3d 684, 692 (6th Cir. 2005).

Conyers counters that the government bears a heavier burden to show an effect on commerce because the conspiracy involves only the robbery of an individual rather than a business enterprise. *See United States v. Wang*, 222 F.3d 234, 239–40 (6th Cir. 2000). Even if he is right, a point we need not resolve, a factual basis for his guilty plea remains because Shakir's correspondence reveals his choice of target "was motivated by [Lil Ced's] connection to interstate commerce": drug dealing. *Id.* at 240.

Last of all, Conyers challenges the factual basis of his plea to aiding and abetting the possession of a firearm during the robbery of Lil Ced, *see* 18 U.S.C. §§ 2, 924(c), claiming he was not at the robbery and did not know the assailants would use a gun. The plea agreement contains sufficient circumstantial evidence to satisfy Rule 11's low bar. *See United States v. Bennett*, 291 F.3d 888, 895 (6th Cir. 2002). Shakir warned Conyers in his letter that the robbery must "be very effective" because Lil Ced stays armed with a .40-caliber Glock pistol. R. 562 at 19 (PageID # 1708). Over the phone, Shakir instructed Conyers not to "go to the extreme," meaning not to kill Lil Ced. *Id.* at 21 (PageID # 1710). Since Conyers knew Lil Ced would be armed with a gun, he could reasonably foresee that the robbers would be too. *See United States v. Wade*, 318 F.3d 698, 702 (6th Cir. 2003). That alone provides some foundation for his knowledge. Shakir's instruction not to take the robbery too far strengthens that foundation

because it confirms that Conyers understood deadly force was in the cards. Why else take it off the table? Because guns would be the most obvious source of deadly force in this setting, there was an adequate basis for Conyers' plea on the firearm charge.

Finding no problem with the factual underpinnings of Conyers' guilty plea, we must conclude that the plea agreement and its appeal waiver were knowing and voluntary. That means that Conyers has waived the right to appeal the district court's denial of leave to withdraw his plea under Criminal Rule 11(d)(2)(B), *see United States v. Toth*, 668 F.3d 374, 378–79 (6th Cir. 2012), and the right to appeal his less-than-300-month sentence.

For these reasons, we dismiss this appeal.