NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0035n.06

No. 21-3271

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 24, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| v. | ) NORTHERN DISTRICT OF OHIO |
| | ) |
| LEANDRA MARRIO CHISHOLM, JR., | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Before:  SUTTON, Chief Judge; CLAY and McKEAGUE, Circuit Judges.

**CLAY, Circuit Judge.**  Defendant Leandra Chisholm Jr. pleaded guilty to three counts: interfering with commerce by robbery under 18 U.S.C. § 1951(a) (the "Hobbs Act"); brandishing a firearm in connection with a crime of violence under § 924(c)(1)(A)(ii); and possessing a firearm as a convicted felon under §§ 922(g)(1) and 924(a)(2).  The district court sentenced him to 65 months' imprisonment for the Hobbs Act robbery and felon-in-possession charges—with those sentences running concurrently.  He received 84 additional months for brandishing a firearm in connection with a crime of violence.  Chisholm now appeals his Hobbs Act conviction and his 65-month sentence.  For the reasons set forth below, we **AFFIRM** Chisholm's conviction and sentence.

**BACKGROUND**

**I.     Factual Background**

On June 22, 2020, Defendant Leandra Chisholm robbed an AT&T store in Solon, Ohio. According to the store clerk, Chisholm entered the store wearing a mask and carrying a backpack.

He pulled a pistol out of his backpack, pointed it at the store clerk, and demanded that she open the store's safe. At first, the clerk fell to the ground, but Chisholm yanked her back up. As the clerk walked with Chisholm towards the back room where the safe was kept, Chisholm kissed her on the mouth. The clerk opened the safe and put twenty-five iPhones into Chisholm's bag. Chisholm then tied the clerk's hands behind her back with zip ties. He told her to stay in the back room for thirty minutes or else he would come back and shoot her.

A tracking device on the stolen phones led the police to Chisholm's car. Police searched the car and found a backpack with twenty-four of the stolen iPhones. They also found an unloaded .45 caliber pistol, zip ties, and a mask matching the description of the one that the robber used.

After his arrest, police interviewed Chisholm. Chisholm admitted that he robbed the AT&T store but disputed some details about the event. According to Chisholm, he never pointed the gun at the clerk, he just showed it to her. He said that he could tell the clerk was scared, so he told her to give him a hug and kiss "just to show he wasn't going to hurt her." (Presentence Report, R. 17, Page ID # 75.) He also said that he made the clerk zip tie her own hands.

Chisholm admitted that the iPhones were manufactured outside of Ohio and had moved in interstate commerce. Police recovered all but one of the stolen phones. The single missing phone was valued at $1000.

## II.     Procedural Background

A grand jury indicted Chisholm on three counts: interference with commerce by threats of violence under the Hobbs Act, 18 U.S.C. § 1951(a)–(b); brandishing a firearm in connection with a crime of violence under § 924(c)(1)(A)(ii); and possessing a firearm as a convicted felon under §§ 922(g)(1) and 924(a)(2). Chisholm pleaded guilty. He did not enter into a written plea

agreement because he wanted to preserve his "ability to argue for any downward departure or variance" at the sentencing stage. (Plea Hr'g Tr., R. 31, Page ID # 143.)

The Presentence Report calculated Chisholm's offense level and criminal history category for his Hobbs Act robbery and felon-in-possession counts. After subtracting points for cooperating with the police and accepting responsibility, Chisholm's total offense level was 19 points. Chisholm had a criminal history category of V. He had six juvenile offenses, four adult misdemeanors, and eight adult felony convictions. The Presentence Report thus concluded that the sentencing Guideline range was 57 to 71 months of imprisonment. As to his personal circumstances, the Presentence Report noted that Chisholm was physically and sexually abused as a child. He grew up in an area where drugs and gun violence were rampant, and he started using drugs when he was 12 years old. As a child, Chisholm was diagnosed with depression, bipolar disorder, and attention deficit hyperactivity disorder ("ADHD"). Later in life, he was diagnosed with post-traumatic stress disorder ("PTSD"). Chisholm did not file any written objections to the Presentence Report. Chisholm's sentencing memorandum asked the court to "consider his personal characteristics" when selecting the sentence. (Sentencing Mem., R. 20, Page ID # 105.) In his letter to the court, Chisholm stated that he "deserve[d] some time for [his] wrongdoing, but not as much time as there [sic] asking [him] to take." (*Id.* at Page ID # 106.)

The district court reviewed the Presentence Report, Chisholm's sentencing memorandum, and his letter before holding a sentencing hearing on March 9, 2021. After neither party objected to the findings in the Presentence Report, the court adopted the Report. The court restated the Guidelines range of 57 to 71 months. Chisholm did not object. Before the parties gave their oral arguments, the judge said that she did "not intend to depart or vary from the guideline range

because neither a departure or a variance is warranted under these facts." (Sentencing Hr'g Tr., R. 32, Page ID # 164.)

After hearing arguments, the court imposed a mid-range sentence of 65 months' imprisonment for each of the two counts—Hobbs Act robbery and felon-in-possession—to run concurrently. The court also sentenced Chisholm to 84 months' imprisonment for brandishing a weapon while committing a crime of violence, to run consecutively.[1] Thus, Chisholm received a total of 149 months' imprisonment. The court gave counsel an opportunity to object to this sentence, but Chisholm's counsel did not raise any objections. Chisholm now appeals his conviction for Hobbs Act robbery and his sentence.

## DISCUSSION

### A. Hobbs Act Robbery Conviction

Chisholm first argues that there is no "factual basis" to support his guilty plea for Hobbs Act robbery, as required under Federal Rule of Criminal Procedure 11. Chisholm did not raise this argument before the district court. "We review violations of Rule 11 for plain error if the defendant did not object before the district court." *United States v. Lalonde*, 509 F.3d 750, 759 (6th Cir. 2007) (citing *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005)).[2]

Rule 11(b)(3) provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "The purpose of this rule is 'to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *Lalonde*,

---

[1] Chisholm did not appeal this conviction.

[2] To the extent that Chisholm frames this issue as a constitutional challenge, the standard of review is still plain error. *See United States v. Bacon*, 884 F.3d 605, 610 (6th Cir. 2018) (quoting *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008)).

509 F.3d at 762 (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). Chisholm argues that there is no factual basis for his plea because a "single, run-of-the-mill robbery of a retail store" cannot meet the "affects commerce" element under the Hobbs Act. (Def. Br. at 10.) As Chisholm himself admits, our precedents foreclose this argument.

The Hobbs Act provides that:

> Whoever in any way or degree . . . affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Act broadly defines "commerce" to include interstate commerce "and all other commerce over which the United States has jurisdiction." *Id.* § 1951(b)(3). Thus, to determine the scope of the "affects commerce" element, we look to cases that define Congress's powers under the Commerce Clause. *Taylor v. United States*, 579 U.S. 301, 306 (2016). As relevant to the Hobbs Act, Congress can regulate activities that "substantially affect interstate commerce in the aggregate, even if their individual impact on interstate commerce is minimal." *Id.* (citing *Wickard v. Filburn*, 317 U.S. 111, 125 (1942)). When the defendant robs a business, then "the government must prove only that a robbery has a *de minimis* effect on interstate commerce in order to satisfy the jurisdictional requirement of the Hobbs Act." *United States v. Baylor*, 517 F.3d 899, 901 (6th Cir. 2008) (citing *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999)).

Chisholm starts by urging us to abandon the *de minimis* test because it allegedly conflicts with the Supreme Court's Commerce Clause cases. Chisholm points to *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995), as proof that the *de minimis* test is no longer good law. But we have repeatedly upheld the *de minimis* standard even in the wake of *Morrison* and *Lopez*. *Baylor*, 517 F.3d at 902. Therefore, the district court should have

accepted Chisholm's guilty plea if the facts showed that robbing the AT&T store had a *de minimis* effect on interstate commerce.

Chisholm next suggests that robbing a single retail store does not met even the *de minimis* test. According to Chisholm, "[t]here needs to be something more than the stolen goods being shipped to the retail store from another state." (Def. Br. at 22.) But we have held just the opposite. Robbing a business that buys or sells goods across state lines satisfies the Hobbs Act's "affects commerce" requirement. *See United States v. Sanders*, No. 20-3963, 2021 WL 4787226, at *3 (6th Cir. Oct. 14, 2021). As explained in *Sanders*:

> A few examples show the minimal connection that suffices in this business context. The robbery of a Chattanooga bar satisfied this commerce element because the bar bought alcohol from a Georgia distributor and served Atlanta customers. *United States v. Davis*, 473 F.3d 680, 683–84 (6th Cir. 2007) . . . . Likewise, the robbery of a Little Caesars in Cleveland sufficed because the store purchased its flour from Minnesota, its pizza sauce from California, and its cheese from Wisconsin. *See United States v. Baylor*, 517 F.3d 899, 903 (6th Cir. 2008) . . . . Similarly, the robbery of a Family Dollar Store's cash register satisfied the commerce element because this Memphis store sold goods originating from outside Tennessee. *United States v. Frazier*, 414 F. App'x 782, 782–83 (6th Cir. 2011).

*Id.* at *3.[3]

Chisholm does not dispute that he stole iPhones from an AT&T store. Nor does he dispute that those phones were manufactured outside of Ohio and later moved in interstate commerce.

---

[3] To the extent that Chisholm also argues that the Hobbs Act is void for vagueness, this argument lacks merit. As this passage from *Sanders* shows, this Court has defined the contours of the "affects commerce" element in the Hobbs Act with sufficient clarity to put ordinary people on notice of what it covers and to prevent arbitrary enforcement. *See United States v. Bowker*, 372 F.3d 365, 380 (6th Cir. 2004) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999)), *vacated on other grounds*, 543 U.S. 1182 (2005); *see also United States v. Lanier*, 520 U.S. 259, 267 (1997) (stating that the touchstone of notice is whether the statute itself or as interpreted by courts makes clear that the defendant's conduct was prohibited). Other circuits confronting this question have found that the "affects commerce" element is not unconstitutionally vague. *See United States v. Rodriguez*, 360 F.3d 949, 954 (9th Cir. 2004); *United States v. Cordero*, 166 F.3d 334, 1998 WL 852013, at *3 (4th Cir. 1998) (table). Especially on plain error review, we do not disagree.

Rather, Chisholm points out that police recovered twenty-four of the twenty-five phones. He believes that stealing one phone valued at $1000 has no economic impact because the cell phone market is a "several billion dollar a year industry." (Def. Br. at 19.) This argument is factually and legally flawed. Factually, Chisholm walked away from the store with twenty-five phones, amounting to $25,000 of merchandise. Still, his point remains that even $25,000 is a drop in the bucket when it comes to the cell phone market. However, relatively insignificant amounts can meet the "affects commerce" requirement because, in the aggregate, robbing businesses has a substantial effect on interstate commerce. *See Baylor*, 517 F.3d at 901. Indeed, we have affirmed convictions under the Hobbs Act when the defendants stole far smaller amounts. *See Sanders*, 2021 WL 4787226, at * 4 ($128 from a small loan servicing office); *Frazier*, 414 F. App'x at 783 ($300 from a hotel). Therefore, the district court did not plainly err in finding that there was a sufficient factual basis to support Chisholm's guilty plea for Hobbs Act robbery.

**B. 65-Month Sentence**

We review sentencing decisions for reasonableness. *United States v. Young*, 847 F.3d 328, 370 (6th Cir. 2017) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "A review for reasonableness has both procedural and substantive components." *Id.* (citing *Gall*, 552 U.S. at 51). Chisholm challenges his sentence on both fronts.

    1.  Substantive Reasonableness

Chisholm's sentence was substantively reasonable. We review the substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall*, 552 U.S. at 41. "To be substantively reasonable, the sentence 'must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a).'" *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir.

2018) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). Section 3553(a) sets out several factors that a sentencing court should consider, including "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed." 18 U.S.C § 3553(a)(1)–(2). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant factors, or gives an unreasonable amount of weight to any pertinent factor." *Sexton*, 894 F.3d at 797 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). "[A] sentence that is within the advisory guidelines range . . . is accorded a rebuttable presumption of reasonableness." *United States v. Melton*, 782 F.3d 306, 313 (6th Cir. 2015) (quoting *United States v. Kirchhof*, 505 F.3d 409, 414 (6th Cir. 2007)).

Chisholm argues that his sentence was substantively unreasonable because the district court gave too much weight to his criminal history and not enough weight to his personal circumstances. He believes that his criminal history was not as severe as the district court made it seem. First, he highlights Ohio's felony classification system, whereby convictions carrying six to twelve month sentences are classified as felonies. Second, he argues that his past crimes never led to any serious injuries, nor were his convictions for particularly violent offenses. Thus, he believes that the district court should have given more weight to his "tragic personal history" than his criminal history. (Def. Br. at 25–26.) Those personal circumstances include his history of childhood physical and sexual abuse, his early-age drug dependency, and his various mental health diagnoses.

"However, 'the manner in which a district court chooses to balance the applicable sentencing factors is beyond the scope of the Court's review.'" *Sexton*, 894 F.3d at 797 (quoting *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013)). "And '[w]here a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much

greater burden in arguing that the court has given an unreasonable amount of weight to any particular one.'" *Id.* (quoting *Adkins*, 729 F.3d at 571).

The sentencing judge walked through the § 3553(a) factors before selecting a mid-range sentence. The court first highlighted the serious nature of the offense, describing how Chisholm pointed a gun at a store clerk, threatened her, zip tied her hands together, physically assaulted her by kissing her, and stole twenty-five phones. As to his criminal history, the court noted that he had a long history of criminal conduct beginning when he was 15. Chisholm had six juvenile adjudications, four misdemeanor convictions, and eight felony convictions. Three of those crimes were violent, including various firearm and domestic violence offenses.

The court also considered mitigating factors. It acknowledged that Chisholm cooperated with police and considered Chisholm's personal circumstances, stating:

> Now, the court does acknowledge that he was exposed to drugs and violence as a child. He reported experiencing physical abuse from his father age five to age seven and sexual abuse from his uncle from age five to age ten. He does have a history of mental health treatment since the age of 12, and he has been diagnosed with a number of mental health disorders. He has used marijuana since the age of 12 and Codeine since the age of 15. He, too, used alcohol, as well.

(Sentencing Hr'g Tr., R. 32, Page ID ## 174–75.) But the court still found that a mid-range sentence was "necessary to protect the public and reflect the seriousness of the offense." (*Id.* at Page ID # 175.) Balancing the factors in this manner was not an abuse of discretion, and Chisholm has not overcome the presumption of reasonableness afforded to his mid-range sentence. *See United States v. Sherrill*, 972 F.3d 752, 771 (6th Cir. 2020); *Sexton*, 894 F.3d at 797–98.

2. Procedural Reasonableness

Chisholm next argues that the district court procedurally erred by prematurely rejecting a below-Guidelines sentence for his robbery and felon-in-possession convictions. "We generally review both aspects of a district court's sentencing decision under an abuse of discretion standard."

*Sherrill*, 972 F.3d at 768 (citing *Gall*, 552 U.S. at 51). "However, where a defendant fails to appropriately preserve a procedural reasonableness argument, we review it for plain error only." *Id.* at 768–69 (citing *United States v. Herrera-Zuniga*, 571 F.3d 568, 578, 580 (6th Cir. 2009)). To properly preserve a procedural-reasonableness argument, the defendant must object to the error before the district judge—if given the opportunity to do so. *See United States v. Adams*, 873 F.3d 512, 517 n.1 (6th Cir. 2017). Chisholm did not raise his procedural-reasonableness argument at any point during his sentencing hearing, when the alleged error occurred. Because the district court asked Chisholm if he had any other objections at the end of the hearing, and Chisholm said no, he did not preserve this argument. *See Adams*, 873 F.3d at 517 n.1. Therefore, we review the procedural reasonableness of Chisholm's sentence for plain error. *See Sherrill*, 972 F.3d at 768–69. "Under the plain error standard of review, the defendant must show (1) there is error; (2) the error was clear or obvious rather than subject to reasonable dispute; (3) it affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) it seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Babcock*, 753 F.3d 587, 590–91 (6th Cir. 2014) (quoting *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011)).

The district court did not make a plain procedural error. As summarized in *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007):

> [I]n reviewing sentences for procedural reasonableness we must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence . . . .

Before hearing oral argument, the judge announced that she "d[id] not intend to depart or vary from the guideline range because neither a departure or a variance [was] warranted under

these facts." (Sentencing Hr'g Tr., R. 32, Page ID # 164.) Chisholm argues that this amounted to plain error because the court "should have, at least, waited until hearing from Mr. Chisholm and his counsel before determining that it would not vary from guidelines." (Def. Br. at 30.) This argument fails.

To begin, Chisholm never asked for a downward departure or a variance. Admittedly, he entered into an open plea agreement to preserve his "ability to argue for any downward departure or variance" down the line. (Plea Hr'g Tr., R. 31, Page ID # 143.) But Chisholm made no such argument in his sentencing memorandum—he merely asked the court to fully consider his personal circumstances when fashioning an appropriate sentence. At the start of the sentencing hearing, the judge said that she had reviewed the Presentence Report, Chisholm's sentencing memorandum, and a letter that Chisholm wrote to the court. The judge asked if either party had any objections to the Presentence Report, which found that neither a departure nor a variance was warranted in this case, Chisholm did not object, and the court adopted the Report. The court then stated that the applicable Guidelines range was 57 to 71 months and again asked if there were any objections. Again, Chisholm did not object. Only then did the district court say that it "d[id] not intend to depart or vary from the guideline range." (Sentencing Hr'g Tr., R. 32, Page ID # 164.)

Once given an opportunity to be heard, Chisholm still did not request a departure or variance, nor did he challenge the district court's conclusion. Rather, counsel merely "ask[ed] the court to consider that even a bottom end or a low end of the guideline range [was] a significant period." (*Id.* at Page ID # 171.) Even if the court jumped the gun by refusing to depart or vary before hearing oral argument, this did not amount to plain error. The district court heard oral arguments on the § 3553(a) factors, heard Chisholm's allocution, explained why the § 3553(a) factors led to a mid-range sentence, and asked the parties if they had any objections to the sentence.

Once again, Chisholm did not object. The court was not required to consider Chisholm's "arguments for a sentence outside the Guidelines range" if he made no such arguments. *Bolds*, 511 F.3d at 581; *see also United States v. Cooper*, 739 F.3d 873, 883 (6th Cir. 2014) ("We have never held . . . that a district court must depart downward from a guidelines-recommended sentence."). The district court adequately considered the §3553(a) factors and explained its reasoning for a mid-range sentence. *See United States v. Chiolo*, 643 F.3d 177, 185 (6th Cir. 2011) (quoting *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)). Therefore, the court did not plainly err by announcing that it would not depart or vary from the Guidelines range.

## CONCLUSION

For these reasons, we **AFFIRM** Chisholm's conviction and sentence.